SEAWRIGHT and Another *v.* COFFMAN.

PLEADING.— COPY OF WRITTEN INSTRUMENT.— Where a pleading is founded upon a written instrument, a copy of the instrument must be filed with the pleading, but if such instrument is only referred to in the pleading, a copy need not be filed.

SAME.—The omission to file a copy of the written instrument upon which a pleading is founded may be taken advantage of by demurrer.

APPEAL from the *Clinton* Circuit Court.

RAY, J.— The complaint alleges that, on the 20th of *December, Seawright* executed to *Munn,* his co-defendant, a promissory note, a copy of which is filed, whereby he promised to pay, &c., to the order of said *Munn,* for the use of the *Frankfort Collegiate Institute,* the sum of, &c., which note was transferred by delivery to the plaintiff, and remains unpaid. That the words for "the use of the *Frankfort Collegiate Institute,*" are and were nugatory and of no effect, for the reason that there was no such legal person, corporation or thing, then or since in being, but that said *Munn* was then engaged in the erection and establishment of a private school, owned by himself, and being built upon his own land, which he proposed to call the "*Frankfort Collegiate Institute,*" and which he was building by subscriptions of money made by different persons. That the defendant *Seawright,* along with many other persons, subscribed to the erection of said institute; that the note was given for the unpaid portion of his said subscription; that at the time of giving the note, a large amount of work had been done and expense incurred in erecting said building; that the note was transferred to the plaintiff for work and labor done by the plaintiff, as a carpenter, in the erection of said building.

The suit is founded upon the note, and, therefore, although the subscription paper is referred to, it was not necessary to make it an exhibit.

The first paragraph of the answer of *Seawright* admits the signing of the subscription paper circulated by *Munn*, for the purposes set out in the complaint, but says that by the terms of said subscription paper, said *Munn* was to erect suitable buildings, and establish an institution of learning, to be called "*Frankfort Collegiate Institute.*" The answer then proceeds to aver the conditions and stipulations contained in the subscription paper, and that he executed his note for the balance of the sum subscribed by him, but that said *Munn*, disregarding the spirit and letter of the above named stipulations, refused to resume work on said building, but, before said note became due, totally abandoned said enterprise, and left the county, and suffered judgment to be taken against him, and the property sold, wherefore the consideration wholly failed.

The plaintiff demurred to this paragraph of the answer. The entire defense rests upon the terms of the subscription, and yet the defendant has failed to file a copy of the paper. The allegations of what it contained are not sufficient; a copy of the paper upon which this plea rests should have been filed, and the failure to do so was available on demurrer. *Little et al.* v. *Vance,* 14 Ind. 19; *Laughery* v. *McLean, id.* 106; *Price* v. *Grand Rapids & Indiana R. R. Co.,* 13 Ind. 58; *Hillis* v. *Wilson, id.* 146.

The second paragraph of the complaint contains allegations of fraud, but the fraud charged consists in promises and failures to perform, and the plea rests upon the agreements and stipulations contained in the subscription paper. We cannot decide whether the failure of *Munn* to keep his promises would constitute a defense to the action, or not; certainly it did not support a plea of fraud. We cannot determine, without an inspection of the paper, whether the defendant *Seawright* was absolutely bound to pay his subscription, or whether his promise was conditional. If the promise was absolute, any subsequent agreement made by *Munn* may have been without consideration, and would, therefore, furnish no defense to the action. The averments

contained in the answer stating the condition of the subscription cannot be considered, as they cannot supersede a compliance with the express requirement of the statute.

In the ruling of the court in sustaining the demurrer to the first and second paragraphs of the answer there was no error.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.

*L. McClurg,* for appellants.

*R. P. Davidson,* for appellee.