*J. Perry, G. Holland,* and *C. C. Binkley,* for appellants.

*C. H. Burchenal,* for appellees.

---

## Clarke and Wife *v.* Featherston.

PLEADING.—*Lost Mortgage.*—*Demand.*—In a complaint to compel the re-execution of a mortgage and a note secured thereby, lost before they were stamped or the mortgage was recorded, while in the possession of the person to whom they had been executed and delivered, there was no direct averment of a demand, before commencement of the action, for the execution of a note and mortgage similar in form and substance to the missing ones; and copies of a note and mortgage alleged to have been prepared after the loss and tendered with a demand for their execution, filed with the complaint, provided for payment without relief from valuation or appraisement laws, with attorney's fees if collection should be enforced, but there was no allegation that the originals contained such provisions. *Held,* that the complaint was bad on demurrer.

Clarke and Wife v. Featherston.

Same.—*Reference to Other Paragraph.*—A description of the mortgaged premises, in such case, as set out in one paragraph of the complaint, as to which paragraph the action has been dismissed, cannot be made a part of another paragraph by reference to the former.

Judgment.—*Semble,* that a simple finding of the facts and declaring of the lien would be the extent to which equity could grant relief upon a sufficient complaint in such a case.

APPEAL from the Vanderburgh Common Pleas.

Ray, J.—This was a suit instituted by the appellee, to compel the re-execution of a mortgage, the original having been lost.

The complaint was in two paragraphs. The questions presented in this court are all raised upon the second, the first having been withdrawn.

It is charged in the second paragraph, that on the 2d day of March, 1868, the appellants executed and delivered to the appellee their note for fourteen hundred dollars payable at five years, with interest, and a mortgage upon the real estate mentioned in the first paragraph, in consideration of fourteen hundred dollars loaned by the appellee to the appellant John Clarke; but before said note and mortgage were stamped, or said mortgage was recorded, the appellee, by accident, lost the same, and thereupon the appellee prepared and tendered to the said John another note and mortgage, to be executed, with the necessary stamps, and demanded their execution. A copy of the note and mortgage prepared, and the execution of which was demanded, are set out.

By these copies, the money is payable without relief from valuation or appraisement laws, and with the addition of attorney's fees if the collection should be enforced.

A separate demurrer was filed by Sarah Clarke, and a joint demurrer by each of the appellants, to this second paragraph, which demurrers were overruled by the court.

The paragraph admits the loss of the note and mortgage to have occurred while they were in the possession of the appellee. There can be no question, therefore, that a demand for the execution of a note and mortgage similar in

form and substance to the missing ones was a prerequisite to the commencement of this action, and that a direct aver- ment of such demand should have been made in the com- plaint.    There is no such averment, nor can any allegation be found that the original note and mortgage were payable without relief from valuation or appraisement laws, and that attorney's fees upon collection were also to be paid by the appellants.

Nor is it possible, by any liberality of practice, to make the description of the premises mortgaged as set out in the first paragraph of the complaint, and as to which paragraph the action has been dismissed, a part of the second para- graph by reference.

While avoiding mere technicality, a reasonable degree of certainty must be insisted upon in pleading.    *Day* v. *Val- lette,* 25 Ind. 42.

We think the demurrers should have been sustained to the second paragraph.

We have not considered the question as to the proper relief to be administered by a court, upon a sufficient com- plaint, because reluctant to decide so important a matter without fuller discussion than counsel have favored us with. It may be, that a simple finding of the facts and declaring the lien would be the extent to which equity could grant relief.

But this court is one of review, and the action of the court below, upon a sufficient complaint, can alone require us to decide this question.

Judgment reversed, and cause remanded, with directions to sustain the demurrers to the second paragraph of the complaint.    Costs here.

*S. R. Hornbrook* and *S. K. Leavitt,* for appellants.

*A. Iglehart,* for appellee.