## PLOWMAN and Another *v.* SHIDLER.

MORTGAGE.—*Foreclosure.*—*Answer of want of Title in Mortgagor.*—In an action to foreclose a mortgage, the defendant answered, that at the time of the execution of the mortgage to the plaintiff, he, the defendant, had no title to the premises mortgaged, and that he had no title to the same at the time of filing said answer.

*Held*, that the answer was bad.

PLEADING.—*Contract.*—*Construction.*—*Reformation.*—Where in a paragraph of pleading it is sought to have a contract construed, and where it is sought, if the court does not place a particular construction upon it, which is averred to have been in accordance with the intention and understanding of the makers, then to have such a reformation of the contract as shall render it susceptible of such an interpretation, the contract must be stated in full, with all material exhibits.

SAME.—*Copy.*—*Performance of Contract.*—Where, in a pleading, a written contract is relied upon, the instrument must be fully set out, that the court may know what its terms are; and if the contract provide that under certain conditions there may be a partial rescission of the contract, all that such conditions required on the part of the pleader demanding rescission must be alleged to have been performed, or an excuse must be given for the omission.

APPEAL from the Warren Common Pleas.

PETTIT, J.—This suit was brought by the appellee against the appellants on a promissory note, and to foreclose a mortgage given to secure its payment. The note and mortgage were given to Jonathan Shidler and assigned to Henry Shidler, the appellee, and are made parts of the complaint.

There was a demurrer to the complaint for want of sufficient facts, which was overruled, and exception was taken; and this ruling is assigned for error. The appellants have not, in their brief, noticed this assignment, or attempted to point out any defect in the complaint, nor have we been able to discover any. It is in the usual form, and with the usual and proper prayer.

The third, fourth, and fifth paragraphs of the answer are, in substance, as follows:

Par. 3. Failure of consideration, in this: that the note was given in part payment for the Attica Flouring Mills, purchased of Jonathan Shidler; that the defendants purchased said mill under the following written contract:

"This is to certify that John Fallis and Nathan Plowman have this day bought of Jonathan Shidler his certain flouring mill, situated in the town of Attica, Indiana, upon the following terms, viz.: The said Fallis and Plowman, hereby agree to pay said Shidler, for said mill property, the sum of ten thousand and forty dollars, in the following payments and upon the following terms and conditions, to wit: five hundred dollars, in cash, to be paid in sixty days from date; twenty-five hundred and forty dollars, which is now secured by mortgage to Purden, to be assumed, and said Shidler to be released entirely from all obligation on said mortgage in one year from date; one thousand five hundred dollars to be paid in town property in the town of Lodi, consisting of Plowman's dwelling house and six lots, as originally laid out on said town plat, and Plowman and Verdin's addition to said town; one thousand dollars to be paid in one year from the first of August next, subject to said Shidler's order, not to exceed one hundred dollars per month, except by taking up receipts for wheat now stored in the mill, but in case of a failure of water, then the time to be extended equal to the time of the failure of said water; two thousand two hundred and fifty dollars to be paid by a sale and conveyance of certain tracts or parcels of land in White county, Indiana, belonging to James P. Ellis, or certain property in Lafayette,

belonging to said Ellis, said Shidler to make his election of said property by the first day of April next; but the convey-ance of the aforesaid lands is made upon the express con-dition that a supply of water is continued in the Wabash and Erie canal sufficient to run said mill in accordance with the terms of the lease from the trustees of said canal to said Shidler; and in case of the failure of the supply of said water in said canal, as aforesaid, within two years, then the lands or town property, to the value of two thousand two hundred and fifty dollars, as last described, shall revert back to said Fallis and Plowman, or Ellis, the present holder of the property; or in case the said Shidler desires to sell said property, he is to have the privilege of doing so, upon the condition that he execute to said Fallis and Plowman a good personal or real estate security conditioned for the refunding of said two thousand two hundred and fifty dollars upon the failure of the water as aforesaid; and the further sum of two thousand two hundred and fifty dollars to be paid said Shidler at the expiration of three years from the first of Au-gust next, upon the aforesaid condition that a supply of water is continued in said canal, in accordance with the terms of the lease from the trustees of the Wabash and Erie Canal as aforesaid; this payment to bear interest from date, and the interest to be paid annually, which interest said Shidler agrees to refund to said Fallis and Plowman in case of a failure to supply water as hereinbefore provided.

"And, it is further agreed, that if the water should fail in said canal, and the conditions of the lease from the trustees to said Shidler should be broken by such failure of water, and in case of such failure to supply said water to said Fallis and Plowman, and the last two payments aforesaid should thereby become forfeited, or either of them, then and in that case, said Fallis and Plowman agree to transfer to said Shid-ler said mill property, upon his refunding or securing to them all the payments made upon said property, and also paying him the sum of four hundred dollars per annum as rent for

the time said Fallis and Plowman shall have used said property.

"And it is further agreed, that possession of said mill shall be given on the first day of April, and that all the conveyances and writings herein contemplated shall be executed at that time.

"And it is further agreed, that to secure the deferred payments on said mill property, the said Fallis and Plowman shall execute to said Shidler a mortgage upon said mill property.

"In witness whereof, the said parties have hereunto set their hands, this 15th day of March, 1859.

JONATHAN SHIDLER,          NATHAN PLOWMAN,
JOHN FALLIS."

In this paragraph it is stated that the mill had the capacity sufficient to manufacture seventy-five barrels of flour per day, and that by the terms of said contract the defendants were to be supplied with sufficient water to run said mill; that there was no water in the canal at the time the defendants purchased the mill under said contract, and that they relied on said contract; that the water power was worthless, and the mill was of no value; that defendants complied with their part of said contract; that Jonathan Shidler failed, and still fails, to comply with his part of the contract; that soon after making the said contract, Jonathan Shidler became insolvent, and the defendants retained said mill as their security; that at the date of the purchase the mill was of the value of five thousand dollars; that they have already paid eight thousand dollars. Prayer, for reformation of the contract and for costs.

Par. 4. Defendants aver that it was mutually agreed and understood by the parties to the contract above set out, that the said Jonathan Shidler was to furnish a sufficient supply of water to run the Attica Flouring Mills, for which, as part consideration, the note sued on was given; and that if said contract fails to fully express said idea, the same is a mistake, and does not set forth the contract of the parties thereto; that the water power having failed, the consideration

of the note had failed; that without said water power the property was only worth five thousand dollars, and defendants have already paid eight thousand. "Wherefore the defendants pray that, should the court construe said contract otherwise than as the same was intended by the parties thereto, as above alleged, defendants be permitted to prove the mutual understanding of said parties, as above alleged, and reform said contract."

Par. 5. The defendants say that when they gave the mortgage they had not, nor have they ever had, any title to the mortgaged property.

The third, fourth, and fifth paragraphs of the answer were demurred to, for want of sufficient facts, etc. The demurrers were sustained, and exceptions taken, and the ruling presents the remaining questions for consideration.

We will reverse the order of these answers, in their consideration.

The fifth paragraph alleges that at the date of the mortgage, the defendants had not, nor have they at any time since had, any title to the mortgaged property. This answer is merely trifling, and deserves no further notice than to say that it was bad, and the demurrer was properly sustained to it.

As to the fourth paragraph of the answer, while we fully admit and hold that a plaintiff or defendant may have a paper, properly pleaded in a case with proper averments, reformed so as to meet or avoid fraud or mistake, yet we must hold this paragraph bad, for the following reasons: first, this paragraph does not set out the contract sought to be construed or reformed, but refers to it thus: "the defendants aver that it was mutually agreed and understood by the parties to the contract above set out, that the said Jonathan Shidler was to furnish a sufficient supply of water to run the Attica Flouring Mills." The words "above set out," refer to the contract in the third paragraph, and that refers to a lease from the trustees of the Wabash and Erie Canal as governing and regulating the quantity of water which was

to be furnished to said mill, but that lease is not set out in the record. It formed a part of the contract set out in the third paragraph, and necessarily a part of the contract referred to in the fourth paragraph, and which is sought to be reformed, if it needs reformation, if in the judgment of the court it does not already contain the alleged intention of the parties. A contract sought to be reformed must be in all its parts before the court, in order that it may be construed as a whole, to determine its meaning and see whether it does not already express the meaning and intention claimed for it, and whether it needs or is susceptible of reformation. This answer does not allege that the contract needs, nor does it ask that it shall be reformed, unless the court shall fail to construe it in a certain way. This the court could not do without all the parts before it. The possibility of the failure of the water was in contemplation when the contract was made, and the parties saw proper to specifically provide for such a contingency in the contract, and have by their agreements fixed the rights and liabilities of each upon the happening of that contingency, by reversions, reconveyances, payment of rents, etc., and it is not for the courts to substitute other provisions instead of those made by the parties where no fraud or mistake is alleged as to such provisions.

As to the third paragraph, we hold that it is bad for the following reasons: It does not bring or place before the court the whole of the agreement upon which the defendants say they relied in making the purchase; the lease from the trustees of the Wabash and Erie Canal forms a necessary part of the written contract, because it is referred to as showing and governing what supply of water was contracted for. The averment that the mill had sufficient capacity for the manufacture of seventy-five barrels of flour per day is not an averment that Shidler, as the lessee of the trustees of the canal, contracted to furnish the amount of water necessary for that purpose. The answer alleges that there was no water in the canal at the time of the purchase, and in consequence of this the defendants relied on the contract; the

whole of the contract in all of its parts not being in the answer, it fails to show upon what contract they relied. When a contract or paper is made a part of a pleading, and the pleader avers that its provisions were relied upon, he must present the whole of the contract, so that the court may see upon what he relied. The contract, or that part of it which is set out in this paragraph of the answer, shows that in case of the failure of water, the appellants were to surrender the property, paying a rental therefor of four hundred dollars per annum. They expressly say that they did not comply with this part of the agreement, because Jonathan Shidler became insolvent. This could not excuse them from complying or offering to comply with this part of the contract, without an averment that Shidler had parted with the property that was to be reconveyed in the case of the failure of water, and that he had failed to give the security as provided by the contract.

It is assigned for error that the court overruled the motion for a new trial. The evidence is not in the record, nor is there any bill of exceptions showing any irregularity on the the trial; we must, therefore, presume that the motion was properly overruled.

The judgment is affirmed, at the appellants' costs, with two per cent. damages.

*M. M. Milford,* for appellants.

*J. Buchanan,* for appellee.