## GALBREATH v. McNEILY.

PROMISSORY NOTE.—*Pleading.*—*Breach of Covenant.*—Where the defence to a suit upon a promissory note, given for a conveyance of land, rests upon a breach of a covenant in the deed, a copy of the deed must be filed with the answer.

APPEAL from the Bartholomew Circuit Court.

WORDEN, J.—Action by the appellant against the appel-

lee on a promissory note executed by the defendant to the plaintiff.

The defendant answered, in substance, that the note was given in consideration of certain land sold by the plaintiff to the defendant, and conveyed by warranty deed, and that the title to one-third of the land had failed, setting out the particulars.   No copy of the deed was set out.

Demurrer to the answer for want of sufficient facts overruled, and exception.   Such further proceedings were had as that judgment was rendered for the plaintiff, but for a much less sum than appeared to be due on the note.

The foundation of the defence was not a failure of consideration; for if a party accept a deed of conveyance of land without covenants, he cannot, in the absence of fraud, set up a failure of title in defence of an action for purchase-money which he has agreed to pay.   The foundation of the defence, which, though pleaded by way of showing a failure of consideration, may be regarded as a counter claim, was the covenant or covenants in the deed from the plaintiff to the defendant.   As this deed was not set out, nor any part of it, nor a copy filed, the answer was fatally defective, and the demurrer should, therefore, have been sustained.   *Church* v. *Fisher, ante,* p. 145.

There are some other questions made in the cause, but it is unnecessary to consider them.   They cannot be intelligently decided in the absence of the covenants which constitute the foundation of the defence.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

*F. T. Hord,* for appellant.