## MERCER *v.* HEBERT.

PLEADING.—*Exhibit.*—When a pleading is founded upon a written instrument, a copy of which is filed with the pleading and referred to therein, it becomes a part thereof, and its contents need not be stated.

PROMISSORY NOTE.—*Answer.*—*Sale of Stock.*—*Future Value.*—In a suit upon

a promissory note, it substantially appeared, from the answer, with an instrument referred to therein by copy, that the defendant sold to the plaintiff certain shares of bank stock at their nominal value, to which was to be added the difference between the par value and the actual value thereof at a specified date; and that the amount was to be applied on the note. If the parties should agree on the value, it was to be binding on them; if not, a method was fixed for determining the value. The value of the stock at said specified date was alleged in the answer, and the failure to credit the same on the note as agreed.

*Held*, that the answer was good on demurrer.

APPEAL from the Elkhart Circuit Court.

BUSKIRK, J.—The complaint was upon a promissory note in the ordinary form. The answer was originally in three paragraphs, but a demurrer having been sustained to the third paragraph, the first and second paragraphs were withdrawn, and the appellant refusing to plead over, judgment was rendered in favor of the appellee.

The only error assigned calls in question the correctness of the ruling of the court in sustaining the demurrer to the third paragraph of the answer, which reads as follows:

"For further partial answer the defendant avers that heretofore, to wit, on the ―― day of ――――, 1869, defendant being the owner thereof, assigned to the plaintiff as collateral security for the payment of his said demand, twenty-five hundred dollars of the capital stock of the First National Bank of Goshen, Indiana, said assignment being made upon the books of the said bank, of which the said defendant was at said time and is now the president; that afterward, to wit, on the ―― day of ―――― 1870, defendant sold and assigned to W. W. Griffith, James McDowell and others, named in the written agreement, a copy of which is attached hereto, certain other shares of the stock · of said bank, upon the terms and conditions named in said agreement; that afterward plaintiff requested that certificates of stock so assigned to him as aforesaid be issued to him, whereupon defendant informed him, plaintiff, that if he took certificates of said stock, and became the owner thereof, he could and must take them on the terms named in said agreement, and give the defendant credit on said note for the value of said stock

on the first day of July, A. D. 1870, said value to be determined in the manner prescribed in said agreement; that accordingly plaintiff did accept certificates of said stock, and agree to apply said value thereof on said note; but defendant avers that he has failed and neglected so to do. Defendant avers that on the first day of July, 1870, said stock was worth the sum of four thousand dollars; wherefore," etc.

The agreement referred to in the above answer is as follows: "In consideration of the sale and transfer to us, whose names are subjoined, of stock in the First National Bank of Goshen, the amount thereof appearing on the appropriate bank books, for which we have already paid said Milton Mercer the par value thereof, dollar for dollar, and in further consideration of the fact that the true value thereof cannot be correctly ascertained at this time. It is therefore as a part of the terms of said sale and transfer of stock to us hereby covenanted and agreed that we will separately and severally, each for himself, and not one for another, well and truly pay, or cause to be paid, to the order of the said Milton Mercer, without any relief whatever from valuation and appraisement laws, the actual value in cash of said stock, so bought by us on the first day of July, 1870, over and above its par value which has already been paid, the actual value of said stock on the first day of July, 1870. If any disagreement arises thereon, to be settled and determined by the books of the bank and the market value of government securities on that day; said Mercer is to allow interest at the rate of ten per cent. on the several amounts paid by us from this date until the first day of July, 1870, to be deducted from the then actual value of said stock.

W. W. GRIFFITH,
JAMES McDOWELL,
E. PURL,
WILLIAM A. THOMAS,
J. W. VIOLETT,
JOHN H. PATRECH,
JAS. LAUFERTY."

It is insisted by counsel for appellee, that the answer was defective for three reasons:

" First. That it nowhere sets out in its body the substantial portion of the contract, referred to in it, as to the price for which the shares of the capital stock were sold.

" Second. That it does not aver a price at which this stock was sold.

" Third. That it does not aver that that price had been determined in accordance with the terms of the contract."

In support of the above positions, we are referred to the cases of *Woodward* v. *Wilcox*, 27 Ind. 207; *Mason* v. *Weston*, 29 Ind. 561; *Clarke* v. *Featherston*, 32 Ind. 142.

We have examined the above cases, and are of opinion that they have no application to the present case. It was decided in the above cases that each paragraph of a pleading must be complete in itself. It was not sufficient, in a second or subsequent paragraph, to refer to a fact or averment contained in a preceding one, without setting out such fact or averment. That is not the question here. The question in the present case is, was the paragraph of the answer to which the demurrer was sustained complete in itself, and did the facts recited constitute a valid defence to the action? The first objection urged is, that it is not averred in the body of the answer at what price the shares of stock were sold. The entire defence was based upon the contract referred to. In such case a copy of the instrument must be filed with the pleading. An averment of what the instrument contained is not sufficient. *Seawright* v. *Coffman*, 24 Ind. 414.

When a pleading is founded upon a written instrument, and a copy is referred to in and filed with such pleading, it becomes a part thereof, and in determining the sufficiency of such pleading, such instrument is regarded and treated as composing a part thereof. When an instrument is thus made a part of a pleading, it speaks for itself, and it is not incumbent upon the pleader to state the substance thereof.

The averments of a pleading may be aided and made certain by reference to instruments upon which it is founded,

and which are filed with and made a part thereof. *Booker* v. *Ray*, 17 Ind. 522. When the answer is construed in connection with the instrument upon which it is founded, it is sufficiently certain. The answer when so construed amounts to this, that the defendant sold to the plaintiff the said shares of stock at their then nominal value, to which was to be added the difference between the then par and the actual value thereof on the first day of July, 1870; and in case of disagreement as to such actual value, it was to be determined by the books of the bank and the market value of government securities on that day. If the parties agreed as to the value, then such agreement would be binding. If there was no agreement, then the actual value was to be determined by an examination of the bank books and proof as to the value of the government securities on the day named.

We entertain no doubt that the answer was good, and that the court erred in sustaining a demurrer to it.

The judgment is reversed, with costs; and the cause is remanded to the court below, with instructions to overrule the demurrer to the third paragraph of the answer, and for further proceedings in accordance with this opinion.

*W. A. Woods*, for appellant.

*A. S. Blake* and *R. M. Johnson*, for appellee.