## CRANDALL v. THE FIRST NATIONAL BANK OF AUBURN.

PROMISSORY NOTE.—*Payable in Bank.*—*Complaint.*—*Averment Contradicting Copy.*—*Motion to Strike Out.*—*Demurrer.*—*Variance.*—In an action by an assignee, against the maker, on a promissory note payable at a place designated therein as "Citizen's State, of," etc., as appeared by a copy thereof attached to the complaint, it was alleged in the complaint, that the note was payable at the "Citizen's State Bank, of," etc.

*Held,* on demurrer, that the allegation that the note was payable in such bank is controlled by the copy of the note, and might have been struck out on motion, but can not be reached by demurrer; and that the complaint is sufficient.

SAME.—*Alteration.*—*Additional Surety without Knowledge of Original.*—The fact that the payee of a promissory note procures the execution of the same by an additional surety, without the knowledge or consent of the original surety, is not such an alteration as will discharge the former, though he executed the same solely because of the apparent liability of the latter. who was availing himself of such alteration as a defence.

BILL OF EXCEPTIONS.—*Exception.*—*When Taken.*—A statement in a bill of exceptions. that the several exceptions mentioned therein had been reserved "at the proper time," is equivalent to a statement that such exceptions had been taken "at the time" the decisions excepted to were made.

BURDEN OF PROOF.— *Weight of Evidence.—Supreme Court.—*The burden of proof as to merely affirmative matter of defence is on the defendant, and the Supreme Court, on appeal, will not reverse a finding against the defendant, in such case, on the mere weight of conflicting evidence.

PROMISSORY NOTE. — *Surety. — Fraud. — Indemnity. — Evidence.—*Where a surety on a promissory note alleges, that his signature was procured by means of fraudulent representations made to him by the payee, it is competent for the plaintiff to show that he had received a mortgage from the principal indemnifying him against loss as surety. And it is a harmless error as to him, in such case, that the plaintiff also shows that there is a prior mortgage on the same premises to another, so as to show the sufficiency of such indemnity.

INSTRUCTION TO JURY.—*Harmless Refusal.—*Where the substance of an instruction asked and refused is embraced in one given, such refusal is harmless.

From the Henry Circuit Court.

*W. Grose*, for appellant.

*M. E. Forkner*, *J. H. Mellett* and *E. H. Bundy*, for appellee.

HOWK, J.—In this action the appellee, as plaintiff, sued James M. Crandall, Robert Crandall and the appellant, as defendants, in a complaint of three paragraphs, upon a promissory note, of which the following is a copy:

"$600.      NEW CASTLE, IND., March 9th, 1876.

"Six months after date we promise to pay to the order of George Hazzard, or bearer, at Citizen's State, of New Castle, Indiana, six hundred dollars, with ten per cent. interest after date, and attorney's fees if suit be instituted on this note, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice thereof, in case of non-payment.

(Signed,)                    "JAMES M. CRANDALL.
                             "ROBERT CRANDALL.
                             "JOHN CRANDALL."

Endorsed in blank, "GEORGE HAZZARD."

In the first paragraph of its complaint, the appellee alleged, that said note was "payable at the Citizen's State Bank, of New Castle, Indiana, a bank duly organized

and incorporated under the laws of Indiana;" that, before the maturity of said note, the payee thereof endorsed the same to the appellee, and that the note was due and wholly unpaid.

In the second paragraph the appellee alleged, that, on the 9th day of March, 1876, the date of the note in suit, there was a bank in New Castle, Indiana, organized and doing business under and pursuant to the laws of this State, as a bank of discount and deposit, under the name of the " Citizen's State Bank, of New Castle, Indiana;" that there was not at said date, nor had there been either before or since, any such corporation, bank, office or place of any kind, as the " Citizen's State, of New Castle, Indiana, in said town of New Castle or anywhere else; that the defendants, by their said note, promised to pay said sum of money to the order of said Hazzard, at the " Citizen's State Bank, of New Castle, Indiana," under the name and style of the " Citizen's State, of New Castle, Indiana;" that, before the maturity of said note, said Hazzard endorsed it to the appellee, and that said note was due and wholly unpaid.

In the third paragraph of its complaint, the appellee set out a copy of said note, and alleged that it was the agreement and intention of the said parties, in the giving of said note, that it should be made payable at the " Citizen's State Bank, of New Castle, Indiana;" but that the scrivener who drew said note, by mistake, left out the word " Bank," in writing therein the place where payable, so that it was drawn as set out; that said note was drawn, executed, delivered and negotiated, under the full belief that it was in fact payable in said bank, and that the mistake of said scrivener was not discovered by any one, and was not known, until after this suit was brought; that, before the maturity of the note, said Hazzard endorsed the same to the appellee, and that. said note was due and wholly unpaid. Wherefore the appellee prayed that said note might be reformed, and said mistake therein

corrected, and demanded judgment for seven hundred dollars.

To each paragraph of the appellee's complaint, the defendants Robert and John Crandall demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrers were severally overruled, and to these decisions said defendants excepted.

The defendants Robert and John Crandall jointly answered by a general denial. The appellant John Crandall separately answered in six affirmative paragraphs, and the defendant Robert Crandall separately in three affirmative paragraphs.

In the second paragraph of the answer, the appellant John Crandall separately alleged, in substance, that the notes described in the three paragraphs of the appellee's complaint were one and the same note; that, on the 9th day of March, 1876, the said note was presented to the defendant Robert Crandall to sign as surety for the defendant James M. Crandall, whose name was then signed thereto; that, as such surety, the said Robert Crandall then and there signed said note, and immediately delivered the same to George Hazzard, the payee thereof; that said Hazzard, being in possession of said note, afterward, on the same day, without the knowledge or consent of said Robert Crandall, procured the appellant's signature thereto, as appeared thereon; that the appellant signed said note because of the signature of said Robert Crandall being thereto, and his apparent liability thereon; that the defendant Robert Crandall had made answer in this action, setting up the foregoing facts and the subsequent alteration of said note, by the procurement by said Hazzard of the appellant s signature thereto, and insisted upon the same in his defence to this action; and the appellant denied that there was any mistake made by the parties in the draft or form of said note. Wherefore, etc.

To this second paragraph of answer the appellee de-

murred for the alleged insufficiency of the facts therein to constitute a defence to this action, which demurrer was sustained, and to this decision the appellant excepted.

The appellee then replied, by a general denial, to the other affirmative paragraphs of the answer.

The issues joined were tried by a jury, and a verdict was returned for the appellee, as against the appellant, assessing its damages in the sum of six hundred and forty-seven dollars, and for the defendant Robert Crandall; and judgment was rendered on the verdict, in favor of the appellee and against the appellant.

The appellant's written motion for a new trial having been overruled, and his exception saved to this decision, the appellant, John Crandall, appealed from said judgment to this court.

The appellant has assigned as errors, in this court, the following decisions of the court below:

1.  In sustaining the appellee's demurrer to the second paragraph of the appellant's answer; ·

2.  In overruling the appellant's motion for a new trial; and,

3.  In overruling the appellant's demurrers to each paragraph of the appellee's complaint.

The appellant has also improperly assigned as errors several causes for a new trial, but these we need not notice further in this connection.

In his argument of this cause in this court, the appellant's learned attorney first discusses the questions presented by the third alleged error; that is, the error of the court in overruling the appellant's demurrers to the several paragraphs of the appellee's complaint. It is claimed by counsel, in his brief of this cause, that the first paragraph of the complaint was bad on demurrer, because it was stated therein that the note in suit was payable at the " Citizen's State Bank, of New Castle, Indiana," whereas the copy of the note therewith filed

showed that the note in question was in fact payable at the "Citizen's State, of New Castle, Indiana." By reason of this discrepancy or variance between the description of said note, in the first paragraph of the complaint, and the copy of the note therewith filed, it is urged that the paragraph "is subject to demurrer, as though no copy had been filed" therewith.

It is said: "There can be no difference, where the copy filed differs from the one described in the complaint, and where none is filed; and certainly a copy means a copy of such a note as is described in the complaint."

This position is untenable. The suit is against the makers of a note; and, as to them, the note constituted a cause of action, good on demurrer thereto, whether it was payable in a bank or not. The recital in the first paragraph of the complaint, that the note in suit was payable at a particular bank, was not the averment of a material fact. If this recital were entirely omitted, the first paragraph would be good on a demurrer thereto for the want of sufficient facts. Therefore, the recital in question may properly be regarded as immaterial, or mere surplusage, in so far as the demurrer to the paragraph is concerned. The appellant's objection to the first paragraph of the complaint could only be reached, as it seems to us, by a motion to strike out, and certainly not by a demurrer for the want of sufficient facts. A copy of the note in suit was filed with, and became a part of, the complaint; and if there is any variance between this copy and the attempted description of the note in the complaint, the copy controls, and will be presumed to be right until the contrary is shown. *Mercer* v. *Herbert*, 41 Ind. 461, and *Stafford* v. *Davidson*, 47 Ind. 319.

No objection is made by appellant's counsel, in argument, to the sufficiency of the second and third paragraphs of the complaint; and therefore the alleged error of the court below, in overruling the appellant's demurrers to those paragraphs, must be regarded as waived.

The first error assigned by the appellant is the sustaining of a demurrer to the second paragraph of his answer.

The gist or substance of this paragraph is, that he signed his name to the note in suit after it had been signed by the defendant Robert Crandall, and because of the apparent liability of said Robert thereon; that said Robert signed said note on the day of its date, as the surety of the defendant James M. Crandall, and immediately delivered the same to George Hazzard, the payee thereof; that afterward, on the same day, without the knowledge or consent of the defendant Robert Crandall, the said Hazzard procured the appellant's signature to said note; that the defendant Robert had answered the appellee's complaint in this action, setting up the foregoing facts and the alteration of said note by the appellant's signature thereto by the procurement of said Hazzard, subsequent to the execution of said note by said Robert, in his defence to this suit; and the appellant denied that there was any mistake in the draft or form of said note.

It is very certain, we think, that the matters alleged in this second paragraph were not sufficient to constitute a defence to this action on behalf of the appellant. It may be true, that, if the facts stated in this paragraph had been properly pleaded by the defendant Robert Crandall, they would have constituted a good and sufficient defence in his behalf, to the appellee's action. *Bowers' Adm'r* v. *Briggs*, 20 Ind. 139.

It was not alleged by the appellant, in this paragraph of answer, that he had been induced by the fraud, misrepresentation or wrongful words or acts of the payee or other holder of said note, to affix his signature thereto; but the averment of the appellant was, that he signed said note because of the signature of said Robert Crandall thereto, and his apparent liability thereon.

The alleged alteration of the note in suit by the appellant, as stated in said paragraph of answer, may have rendered the note void as to the defendant Robert Cran-

dall; but we know of no authority whatever in support of the position that the appellant's alteration of the original note, by his own execution thereof, would of itself avoid such note as against the appellant.

It seems to us, therefore, that the court did not err in sustaining the appellee's demurrer to this second paragraph of answer.

The second error assigned by the appellant is the overruling of his motion for a new trial. In this motion the appellant assigned the following causes for such new trial:

1. Because the verdict was not sustained by sufficient evidence;

2. Because the verdict was contrary to law;

3. Because of error of law occurring at the trial and excepted to by the said John Crandall at the time, in this:

1st. Because the court permitted the appellee to read in evidence the mortgage made by James M. Crandall and wife to Fiezer, over the objection of the appellant, who objected thereto for the reason that said mortgage was irrelevant and immaterial to the issues in the cause;

2d. Because the court permitted the appellee to read in evidence to the jury the mortgage of James M. Crandall to the appellant, which was objected to by the appellant because the same was immaterial and irrelevant to the issues in this cause, and tended to mislead the jury.

3d. Because the court misdirected the jury upon matters of law, in giving them instructions numbered 3, 4 and 5; and,

4th. Because the court refused to give instructions numbered 4 and 5, asked for by the appellant.

Before we consider any of the questions arising under the appellant's motion for a new trial, it is proper that we should notice and pass upon certain objections by the appellee to the sufficiency of the exceptions saved, or

attempted to be saved, by the appellant, to the alleged errors of law occurring at the trial.

It is earnestly insisted by the appellee's attorneys, that the record fails to show that the appellant excepted to any of the decisions complained of by him as errors of law, at the time the decisions were made. 2 R. S. 1876, p. 176, sec. 343.

It appears from the record, that, on the trial of this cause, the verdict of the jury was returned into court on the 22d day of December, 1876; that, on the 26th day of the same month, judgment was rendered on the verdict, and that, on the 29th day of said month, the appellant's motion for a new trial, then made, was overruled by the court, to which decision he then excepted, and filed his bill of exceptions, signed and sealed by the court. This bill of exceptions contained the evidence and the instructions of the court to the jury, on the trial of this cause; and it was stated in the bill, that the appellant excepted to the decisions of the court complained of by him as errors of law, " at the proper time."

In section 343 of the practice act, *supra*, it is provided, that " The party objecting to the decision must except at the time the decision is made." This language is mandatory; and although " time may be given to reduce the exception to writing," yet the exception itself must be saved " at the time the decision is made." It is said by the appellee's counsel, in argument, that " Whether the exception was taken at the proper time is a question of law. The precise time it was taken is a question of fact." In this case, the bill of exceptions does not state, as a fact, that the appellant excepted to the alleged errors of law complained of by him, at the time the decisions were made; nor does it show the precise time when he did except to such decisions. The bill states what may be regarded as a conclusion of law, that the appellant excepted to the decisions " at the proper time." The only proper time, under the statute, is the time the decisions

were made.  Now, if we may assume or presume, as we think we may where the contrary does not appear, that the court meant and intended to say, by the use of the phrase, " at the proper time," that the appellant excepted to the decisions at the time they were made, then we may hold, as we do, that the appellee's objections to the sufficiency of the record in this regard are not well taken. All the presumptions are in favor of the correctness of the decisions of the circuit court, and those decisions will be upheld in this court, where the record does not show, affirmatively and positively, that the decisions are erroneous.  In our opinion, the appellee's objections to the sufficiency of the appellant's exceptions to the decisions of the court, on the trial of this cause, are not well taken, and must be overruled.

We come now to the consideration and decision of the questions presented and discussed by the appellant's counsel, under the alleged error of the court in overruling the motion for a new trial.  An earnest and elaborate argument is made, on behalf of the appellant, to show that the verdict of the jury was not sustained by sufficient evidence.  It is unnecessary for us to set out the evidence in this opinion.  The note in suit, of itself, made a *prima facie* case in favor of the appellee, and against the appellant, under the issues in the action.  The execution of the note, and its endorsement to the appellee, were not so controverted by the appellant as to put either of them in issue.  To meet the *prima facie* case of the appellee, the appellant relied entirely upon affirmative matters of defence, which were denied by the appellee.  The burthen of these issues was on the appellant, and the evidence in regard to them was conflicting.  In such a case, we can not disturb the verdict on the weight of the evidence. This rule is so well settled that it would be a work of supererogation to cite authorities in its support.

The appellant's counsel insists, that the court below erred in the admission in evidence of two mortgages,

offered by the appellee, both executed by the defendant James M. Crandall, one to James H. E. Fiezer and the other to the appellant. To the introduction of these mortgages the appellant objected, because the first one was irrelevant and immaterial, and because the second one was impertinent, irrelevant and immaterial. These objections were overruled, and to these decisions the appellant excepted.

In our view of this case, neither of these rulings is available as error to the appellant, or should entitle him to a reversal of the judgment of the court below.

The gist of the appellant's defence to this action was, that he was induced to execute the note in suit by certain representations of Hazzard, the payee of the note, which were false and fraudulent, and upon which the appellant relied.

Upon the issue joined on this defence, the mortgage of James M. Crandall, the principal of said note, to the appellant as surety therein, was clearly admissible in evidence. The mortgage was executed about eighteen months prior to the date of the note sued on, to secure the appellant "against any loss he may hereafter sustain by reason of becoming my surety or endorser on any note or other obligation, to any person or persons whatever, to the amount of six hundred dollars," the amount of the note in suit. The evidence, therefore, tended to show, that the appellant, instead of relying upon the alleged representations of Hazzard as an inducement to sign said note, in fact relied upon the indemnity mortgage, then held by him, to the amount of said note. The mortgage to Fiezer was on the same real estate covered by the appellant's indemnity mortgage, and was a prior lien thereto. The only purpose to be subserved, so far as we can see, in putting the Fiezer mortgage in evidence, was to show the actual amount of the appellant's indemnity, as the surety on the note in suit. It is certain, we think, that the admission of the Fiezer mort-

gage in evidence did not, and could not, work any possible injury to the appellant, in his defence of this action.

The appellant's counsel has also complained, in argument, of a part of one of the instructions of the court to the jury, and of the court's refusal to give an instruction asked for by the appellant.

We have carefully examined and considered the instructions of the court to the jury, and it seems to us, that these instructions contain a full and fair statement of the law applicable to the issues in the case and the evidence adduced upon the trial.   The instruction asked for by the appellant and refused, in so far as it was applicable to the case and stated the law, was fairly embraced in the court's instructions to the jury; and therefore the refusal of the court to give the instruction as asked for was not erroneous.   It would be unprofitable, we think, for us to set out these instructions at length, or to comment on them in detail, in this opinion.   A thorough examination of the entire record, and a careful consideration of all the questions involved therein, have led us to the conclusion " that the merits of the cause have been fairly tried and determined in the court below."   In such a case, the statute imperatively forbids that the judgment "be stayed or reversed, in whole or in part."   2 R. S. 1876, p. 246, sec. 580.

The judgment is affirmed, at the appellant's costs.