## CARPER v. GAAR, SCOTT & CO.

PROMISSORY NOTE.—*Variance between Copy and Allegations of Complaint.*— Where, in an action on a promissory note, there is a variance, as to the maturity and attorney's fees, between the allegations of the complaint and the copy of the note, the latter controls.

From the Kosciusko Circuit Court.

*W. S. Marshall*, for appellant.

Howk, J.—In this action, the appellee, a corporation of the corporate name of "Gaar, Scott & Co.," sued the appellant upon his promissory note, payable to the appellee. The appellant's demurrer to the appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this decision he excepted. The cause, having been put at issue, was tried by the court, and a finding was made for the appellee and against the appellant, for the amount of the note and interest. Over a motion for a new trial, the court rendered a judgment on its finding, from which judgment this appeal is prosecuted.

In this court, the only errors assigned by the appellant are such as call in question the sufficiency of the complaint. It is claimed by the appellant's counsel, in his brief of this cause, that the appellee's complaint was insufficient on the demurrer thereto for the want of facts, because of the variance between the description of the note in suit, in the complaint, and the copy of the note therewith filed. The note in suit, as shown by the copy, was dated November 6th, 1876, and was payable on or before the 1st day of June, 1877 ; whereas it was described in the complaint as payable on or before the 1st day of June, 1876, or about five months before the date of the note. In the complaint, it was alleged that the note was payable with attorney's fees, while the copy of the note showed that it was payable with five per cent. attorney's fees. These were the variances between the description of the note in suit, in the complaint, and the copy of the note filed therewith, which the appellant's counsel claims in argument rendered the appellee's complaint fatally defective and insufficient, on the demurrer thereto for the want of facts.

On this point, the law is settled by the decisions of this court, that if there is any variance between the attempted description of the note in suit, in the complaint, and the copy of the note therewith filed, the copy controls and will be presumed to be right, until the contrary is shown. *Mercer* v. *Hebert,* 41 Ind. 459 ; *Stafford* v. *Davidson,* 47 Ind. 319 ; and *Crandall* v. *The First National Bank of Auburn,* 61 Ind. 349.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.