Howk, C. J.
— In this action the appellee, as lessor, sued the appellant, as the assignee of the lessees in a certain mining lease, to recover certain rents or royalties alleged to be due and unpaid under said lease. The appellant’s demurrer to the appellee’s complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this ruling the appellant excepted. The trial of the cause by a jury, after the same had been put at issue, resulted in a verdict for the appellee, assessing his damages in the sum of fourteen hundred dollars; and the appellant’s motion for a new trial having been overruled, and its exception saved to this decision, the court rendered judgment on the verdict.
Errors have been assigned by the appellant, in this court, which call in question the sufficiency of the facts stated in appellee’s complaint to constitute a cause of action, and the correctness of the decision of the trial court in overruling the motion for a new trial.
The controlling question for the decision of this court, as it seems to us, is this : Does the appellee’s complaint state facts sufficient to constitute a cause of action ? In his complaint the appellee alleged, in substance, that, on the 23d day of August, 1873, he, the appellee, executed to Benjamin F. Masten, John H. Masten and John J. Schraek a certain mining lease upon certain real estate, particularly described, in day county, Indiana, with the exceptions therein mentioned, *298 for the period of twenty-five years thence next following, for the purpose of mining coal therefrom, amongst other purposes ; in which said lease the said Masten, Masten and Schrack undertook, covenanted and agreed with the appellee to mine coal enough from under said land, that the rent or royalty thereon should amount to $1,200 per year, at twenty-five cents per ton, and that, in the event that they should fail to mine that, quantity of coal, they agreed, undertook and covenanted! with the appellee to pay him said amount of money per year, in monthly instalments of $100 each month, a copy of' which lease was filed with and made a part of said complaint ; that on the 20th day of September, 1873, the said. ■Masten, Masten and Schrack sold and transferred said lease by assignment to the appellant, a copy of which assignment was filed with and made a part of the complaint; that, upon said assignment, the appellant agreed and undertook to perform each and every of the covenants and agreements contained in said lease, and, in pursuance of said lease and assignment, immediately took possession of said land and the coal strata thereunder, and commenced to dig and mine, and remove the coal from under said land, and had ever since,, from that date to the time of the commencement of this suit,, been in possession of said land and coal strata, and in the peaceable enjoyment thereof, digging and mining said coal.
But the appellee averred’ that the appellant had failed,, neglected and refused to keep and perform the agreements and covenants contained in said lease in this, that, from the 15th day of September, 1876, the appellant had wholly failed and neglected to mine coal enough that the rent or royalty thereon would amount to $100 per month, or $1,200 per year, and had wholly failed and neglected to pay said $100 per month or any part thereof; that the whole . of said monthly payments of $100 each from the 15th day of September, 1876, to the 15th day of November, 1877, amount *299 ing to the sum of $1,400, with the interest thereon, was due and unpaid. Wherefore, etc.
In discussing the sufficiency, or, as they claim, the insufficiency, of the complaint, the appellant’s learned counsel, earnestly insist that the material allegations of the complaint,, in regard to the rent or royalty sued for, are not authorized nor sustained by the written lease upon which the action is-founded. A copy of the lease was filed' with and made a. part of the appellee’s complaint; and if there is any material variance between the copy of the lease, and the allegations of the complaint founded on any part or portion of the-lease, the copy will control and will be presumed to be right until the contrary is shown. This rule is settled by the decisions of this court. Stafford v. Davidson, 47 Ind. 319 ; Crandall v. The First National Bank of Auburn, 61 Ind.. 349 ; Carper v. Gaar, Scott & Co., 70 Ind. 212.
In the proper presentation of the point made and discussed by the appellant’s counsel, it-is necessary that we-should set out the covenants and agreements of the lessees, ,which constitute the basis of the action, and this we will do-in the language of the lease, as follows :
“In consideration of which several grants by the party of' the first part, the party of the second part agree to enter upon said land and test the same for coal within ninety days-from the date of this lease, and should they find coal upon-said land, of sufficient quantity, quality and thickness to-justify them in mining the same, then they agree to sink a shaft, slope or drift upon the same, and be mining coal within one year from this date, or, in default thereof, to’pay the party of the first part the sum of one hundred dollars, per month until such shaft or tunnel or drift shall be put into operation ; that they will mine enough from under said land, that the royalty thereon, at twenty-five cents per ton, 2,040 lbs., shall amount to the sum of twelve hundred dollars, and, in default thereof, they shall pay to said first party *300 the said sum of twelve hundred dollars, without having so mined, payable in monthly instalments of one hundred dollars per month. And the party of the second part further .agree that they will pay to the party of the first' part the sum of twenty-five cents per ton of 2,040 lbs. of screened coal, mined from under said land, the screen to be used in screening the same to be of no greater width between the bars than one and one-quarter of an inch. * * * All ■coal mined from under said land shall be paid for on the 15th day of each month thereafter, in bankable funds of the State of Indiana. * * * It is further understood and agreed that all payments herein provided for, of one hundred dollars per month, to be paid on the 15th day of each' month, are to apply on the payments of rent or royalty of coal mined from the above described land: Provided, hoiu■ever, that, if the 15th day comes on Sunday, payments may be made, either on the day before or the day after said date ; in default of payment on said date, this lease shall not be forfeited until demand shall have been made,” etc.
These are all the provisions of the lease which relate to the rent or royalty reserved, and constitute the basis of the appellee’s action. As we understand the final argument of the appellant’s counsel, in this cause, they claim a construction of these provisions, and ask this court to approve and ■adopt it, which, as we think, was not intended at the time ■of the execution of the lease by the original parties thereto, and is not warranted by the language used therein, as above quoted. It is claimed by counsel, as we understand them, that the “one hundred dollars per month,” and the “twelve hundred dollars,” mentioned in the lease, were applicable only to the “one year” from the date of the lease, within which the lessees, if coal were found sufficient to justify them In mining, should be mining such coal, and were in the nature -of a penalty for their default, if any, in this regard, within that year; and that “for all coal mined thereafter, during *301 the existence of the lease,” the lessees were to pay, as rent or royalty, “at the rate of twenty-five cents per ton of 2,040 pounds, and no more, on the -15th day of each month.” This construction of the covenants and agreements of the lessees, in regard to the rent or royalty reserved in the lease, does not meet the approval of our judgment, and we can not adopt it.
« We are of the opinion that the lessees’ covenants and agreements, above quoted, if, upon their test of the lessor’s land, they found coal therein or thereon, “of sufficient quantity, quality and thickness to justify them in mining the same,” bound them, first, to “sink a shaft, slope or drift upon the land, and be mining coal within one year” from the date of the lease, and if they made default in the performance of this first covenant, that is, if they did not sink a shaft, etc., and be mining coal within one year, etc., they agreed to pay the lessor, in the nature of a penalty, the sum of $100 per month “until such shaft or tunnel or drift shall be put into operation.” This first covenant is certainly not the covenant or agreement upon which the appellee sued in this action, and it seems to us to be entirely independent of the next succeeding covenant or agreement, which fixes the minimum rent and prescribes the amount of royalty reserved under said lease. Fairly construed, the- provisions of the lease above quoted bound the lessees, in our opinion, to the payment of the fixed minimum rent of one hundred dollars per month, in any event, after they had sunk a shaft, etc., and were mining coal, and to the payment of a royalty of “twenty-five cents per ton of 2,040 pounds,” with the agreement, however, that if the royalty upon the coal mined in any one year, at the rate aforesaid, should amount in .the aggregate to more than the sum of $1,200, the minimum rent of $100 per month should be applied in payment of such aggregate sum, and the lessees should only be required *302 to pay the excess of the royalty, as such, over and above the said sum of twelve hundred dollars. . ,
Under this construction of the lessees’ covenants and •¡agreements, in the lease in suit, which seems to us to be the fair and reasonable construction thereof, it is very clear that the appellee’s complaint in this case stated facts sufficient tto constitute a cause of action against the appellant as the .assignee of the lessees in such lease. It appeared from the .allegations of the complaint, that, in less than one month after the date of the lease, the lessees therein sold and transferred such lease to the appellant, by their written assign- ' ment thereof; that, in pursuance of said lease and assignment, the appellant had immediately taken possession of the land demised, and of the coal strata thereunder, and commenced to dig, mine and remove the coal from under said land, and had ever since, from that date to the day of the commencement of this suit, December 6th, 1877, been in the possession of said land and feoal strata, and in the peaceable enjoyment thereof, digging and mining said coal. Under these allegations of the complaint, it is certain, we think, that the .appellant, as the assignee of the lessees in the lease in suit, is liable to the appellee, the lessor, for the minimum rent of ■one hundred dollars per month for the fourteen months mentioned in the complaint, and during which the appellant, as alleged, was in the peaceable enjoyment and possession of the demised premises, under the lease, digging and mining-coal . For, although there was no privity of contract between the appellee, the lessor, and the appellant, as the assignee of the lessees, yet there was a privity of estate between them, as long as the appellant remained in possession of the demised premises, which created a debt for the rent or royalty reserved in the lease, in favor of the appellee and against the appellant. Howland v. Coffin, 9 Pick. 52 ; Gordon v. George, 12 Ind. 408 ; Carley v. Lewis, 24 Ind. 23 ; McDowell v. Hendrix, 67 Ind. 513.
*303 Our conclusion is, that the court committed no error in the case at bar, in overruling the appellant’s demurrer to appellee’s complaint.
The evidence introduced by the parties, on the trial of this cause, was not made apart of the record now before us. Under the alleged error of the trial court, in overruling the .appellant’s motion for a new trial, only a single supposed erroneous decision has been so saved in the record as to present any question for the decision of this court. It appears, from a bill of exceptions set out in the record, that the appellant, at the proper time, introduced one Thomas Watson, a competent witness, who testified, among other things, that the mineable coal under the demised lands of the appellee had been exhausted and mined out before the advanced royalty, mentioned in the complaint, had accrued, and that the appellant had fully paid the appellee, before the commencement of this suit, the stipulated royalty mentioned in said lease, on all coal dug and mined under said land; and that the appellant further offered to prove by said witness the entire quantity of coal mined and paid for, under appellee’s land, up to the commencement of the suit, and also offered, at the proper time, to prove the same facts by Albert Watts, another competent witness. The bill of exceptions shows that the appellee objected to the introduction of the offered testimony, upon the ground that it was irrelevant and immaterial, which objection the court, sustained, unless the appellant would fui’ther prove that it had, in any year, mined coal, the royalty on which would exceed the stipulated annuity of $1,200, and that “the court refused to permit either of said witnesses to testify to said facts.”
The record of this cause fails to disclose the object or purpose for which the excluded evidence was offered by the appellant. It was not relevant, certainly, to the issues in the cause ; for these had reference only to the minimum rent • of $100 per month. The appellee sued for the recovery of *304 the monthly rent, reserved in the lease, of $100 for each month, which was to be paid iii any event, and without regard to the quantity of coal mined; and he asserted no claim for royalty in excess of the minimum monthly rent. Upon the issues joined in the cause, it seems to us that the facts, which the appellant offered to prove, were wholly irrelevant and immaterial; and, in the absence of the evidence-from the record, we can not say that those facts became relevant or material, by reason of any matter occurring at the trial. The record fails to show, we think, that the court committed any error in overruling the appellant’s motion for a new trial; and therefore, as all the presumptions are-in favor of the correctness of the court’s ruling, we are-bound to say that the trial court did not err in such ruling or decision. Myers v. Murphy, 60 Ind. 282 ; Stott v. Smith, 70 Ind. 298 ; Bowen v. Pollard, 71 Ind. 177.
We find no error in the record of this cause, which will authorize or justify the reversal of the judgment below.
The judgment is affirmed, at the appellant’s costs.