FIRST NATIONAL BANK OF ARKANSAS CITY vs. JONES, *et al.*

1. WRITTEN INSTRUMENT — *Exhibit—Demurrer—Variance*—Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should .be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint, and a failure to file the original, or a copy thereof, is fatal to the case on demurrer. ( Indiana rule followed.)

2. SAME—In this case there is a fatal variance between the pleadings and the exhibit, and the demurrer should have been sustained.

*Error from the District Court of Kingfisher County.*

Action on promissory note and foreclosure of mortgage. Judgment for plaintiff. Defendants appeal. Judgment of the lower court reversed. . The facts are stated in the opinion.

*T. G. Cutlip*, for appellant.

*Noffsinger & Nagle*, for appellee.

The opinion of the court was delivered by

SCOTT, J.: On the 21st day of October, 1892, the First National bank of Arkansas City, Kansas, filed its complaint in the district court of Kingfisher county

against James Jones and Nancy A. Jones, containing allegations as follows:

"That on the 25th day of June, 1891, by their promisory note, a copy of which is filed herewith and made a part of this complaint, promised to pay to A. V. Alexander the sum of $944.04, six months thereafter, with interest from date, at the rate of ten per cent. per annum, payable at the First National bank of Arkansas City, Kansas.

"That on the———day of———A. V. Alexander endorsed said note to H. P. Farrar, as cashier of the First National bank of Arkansas City, for the use and benefit of said bank, and said bank is now the legal holder of said note.

"That on the 25th day of June, 1891, to secure the payment of said note, the defendants executed to A. V. Alexander their mortgage, a copy of which is filed herewith and made a part of this complaint; that said mortgage was executed to secure the payment of the aforesaid note.

"That there is now due and unpaid on aforesaid note the sum of $862.32.

"Wherefore, plaintiff demands judgment for $862.32 and asks that said mortgage be foreclosed and the real estate described therein or such part thereof as may be necessary to secure plaintiff's claim and costs be sold for that purpose, and for all other proper relief."

To this complaint is attached the following exhibit:
"$944.04.

"ARKANSAS CITY, KAN., June 25, 1891.

"Six months after date, for value received, I promise to pay to the order of A. V. Alexander, nine hundred forty-four and 4-100 dollars, with interest from date at the rate of ten per cent. per annum, payable at the First National bank of Arkansas City, Kansas.
"Due, ———                        JAMES JONES.
"(Signed)                        NANCY JONES."

The mortgage was executed by James Jones and Nancy A. Jones to A. V. Alexander and is the usual

form of real estate mortgages, and was at said time a valid lien against the real estate therein described.

On the 4th day of November, 1892, defendant Nancy A. Jones moved the court to set aside the service upon her, alleging several grounds. The court permitted the officer to amend his return and the motion was overruled. Upon this question, we think, the court committed no error.

On the 5th day of November the defendants filed a demurrer, alleging the complaint of the plaintiff to be uncertain, indefinite and insufficient, and not to contain facts sufficient to constitute a cause of action, and assigned as special grounds the following:

"1. Because the complaint does not show when the note sued on was endorsed to H. P. Farrar.

"2. Because the complaint does not show that H. P. Farrar ever endorsed said note to the plaintiff.

"3. Because the complaint does not show that said note was endorsed for a valuable consideration.

"4. Because the copy of the said note filed herewith does not show any endorsement or credit.

"5. Because said complaint does not show that the mortgage therein mentioned was ever delivered by defendant to said Alexander.

"6. Because said complaint does not show that said mortgage was ever recorded.

"7. Because said complaint does not show that demand for payment has ever been made on the defendants on said note."

This demurrer the court overruled, to which defendants excepted. In considering the points raised in this case the overruling of the demurrer is the only one, in the judgment of the court, necessary to discuss.

We think the demurrer should have been sustained. It will be observed that the complaint alleges, the note in question was assigned by A. V. Alexander,

the payee thereof, to one H. P. Farrar, as cashier, for the use and benefit of the First National bank of Arkansas City; that a true copy of said note is filed with and made a part of said·complaint.    Upon examination of the note it shows that it is payable to the order of A. V. Alexander and contains no assignment or endorsement of any kind.    There is a direct variance between the complaint and the exhibit, and the question arises upon the consideration of the demurrer, which should control, the exhibit or the complaint? This action was commenced while the Indiana code was in force in Oklahoma, and the authorities in that state declare that the original instrument, or a copy thereof pleaded, must be filed with and made a part of such pleading, where the written instrument is the foundation of the action; and if there is a variance between the exhibit and the complaint, the copy or exhibit must control.    The statute upon which these authorities are based, reads:

"When any pleading is founded upon a written instrument or an account, the original, or a copy thereof, must be filed with the pleadings.    A set-off or counter-claim is within the meaning of this section."

Some states, having the same statute, hold that the instrument is no part of the complaint, upon the grounds that the filing of a copy of an instrument takes the place of profert at common law.    The courts of Indiana, however, do not so hold.    The statute just quoted is not considered as making profert of the instrument necessary by filing a copy with the pleadings.    The instrument is held to be a part of the complaint, and the failure to file the original, or a copy where it is the foundation of the action, is fatal to the case on demurrer.    (Work's Pleadings and Practice, § 415, vol. 1; *Mercer vs. Herbert*, 41 Ind. 459; *Seawright vs. Coffman*, 24 Ind. 414; *Price vs. The Grand Rapids, etc., Ry. Co.*, 13 Ind. 58; *Herron vs. Clifford. Administrator*, 18

Ind. 411; *West vs. The Bull Skin Prairie Ditching Co.*, 19 Ind. 458; *Westfall vs. Stork*, 24 Ind. 377; *Spaulding vs. Baldwin*, 31 Ind. 376; *Plowman vs. Shidler*, 36 Ind. 484; *Hamrick vs. Craven*, 39 Ind. 241; *Galbreth vs. McMeiley*, 40 Ind. 231; *King vs. The Enterprise Ins. Co.*, 45 Ind. 43; *Cook vs. Hopkins*, 66 Ind. 209; *The Pennsylvania Co. vs. Holderman*, 69 Ind. 18; *Brown vs. State*, 44 Ind. 222; *The Pennsylvania Co. vs. Holderman*, 69 Ind, 18, cited).

Not only is the written instrument regarded as a ·part of the pleadings in Indiana, buts its terms cannot be varied or changed by its averments. Where there is a variance between the pleadings and the exhibit filed, the exhibit must control. (Work's Pleadings and Practice, § 415, vol. 1; *Stafford vs. Davidson*, 47 Ind., 319; *Crandall vs. The First National Bank of Auburn*, 61 Ind., 349; *Carper vs. Garr, Scott & Co.*, 70 Ind., 212; *Hurlbut vs. The State*, 71 Ind., 154; *The City of Elkhart vs. Simonton*, 71 Ind., 7; *Bayless vs. Glenn*, 72 Ind., 5; *Cress vs. Hook*, 73 Ind., 177; *The Watson Coal & Mining Co. vs. Casteel*, 73 Ind., 296, cited.)

If the exhibit must control, then it is useless for the complaint to allege assignment, transfer or endorsement of the instrument unless the copy set out shows the same thing. The copy of the note set out in the complaint was executed in favor of A. V. Alexander, and fails to show that Alexander ever assigned, transferred or endorsed the note or mortgage to any person, co-partnership or corporation. The copies themselves·fail to disclose how the plaintiff can be in possession of them. If Alexander endorsed or transferred said note to plaintiff, then the exhibit should show that fact. If the plaintiff became the owner of the note by some transaction in which the actual endorsement was not made, it should have been so pleaded and proved as any other fact. The demurrer admits everything alleged in the complaint to be true, but in a case of this kind, where the exhibit controls, only

that shown in the exhibit can be taken as true, because of the variance between the pleading and exhibit.

If the exhibit controls, can the court render judgment as prayed for in the complaint? Obviously, this cannot be done, for the action is instituted by the First National bank of Arkansas City, and the exhibit shows the note to be due and payable to A. V. Alexander; hence, if judgment were to be rendered at all, it would necessarily be rendered in favor of Alexander. Thus we think the demurrer should have been sustained, and so hold.

There are two reasons for not discussing other points raised in the brief. One is that it is unnecessary to the determination of this case, and the other that the record is in such an incomprehensible and unintelligible condition as to make a clear discussion of them impossible.

The judgment of the lower court will, therefore, be reversed, and the case remanded for further proceedings.

By the court: It is so ordered.

Justice Burford not sitting; all other Justices concurring.