## THE CITY OF ELKHART *v.* SIMONTON.

### No. 7254.

CITY.—*Extension of Street.—Proceeding by Common Council and City Commissioners, Appeal from.—Estoppel.—Answer.—Motion to Strike Out.—Demurrer.—Variance.—Acceptance by Council of Commissioners' Report—Statute Construed.—*Under section 14 of the act of March 17th, 1875, 1 R. S. 1876, p. 318, " in relation to the laying out," etc., " of streets," etc., ' by cities, * and providing for the appointment of commissioners to assess benefits and damages," etc., a person having an interest in lands affected by a certain proceeding of the common council and city commissioners of a certain city, in relation to the extension of Fifth street, took an appeal to the circuit court, by filing a transcript of such proceedings, as required by such section. By such transcript, it appeared that the common council had adopted a resolution abrogating all proceedings theretofore had in relation to the extension of such street, and also ordering it to be extended from Marion street to Harrison street; that thereafter the city commissioners met, pursuant to an order of the common council, to consider such extension, and reported that Fifth street had for several years extended from Marion to Harrison street, that no property would be taken, no one damaged no one benefited, and no change of length, width or direction would be caused by the extension, etc. It also appeared from the transcript, that such report was accepted and adopted by the common council. Such appellant answered, by way of estoppel, alleging, that, within a year previous

to the proceeding appealed from, a proceeding was had by such city council and commissioners, extending Fifth street from Marion to Harrison street, and awarding a certain sum in damages to such appellant. His answer set out a transcript of such proceeding, showing only a proposed extension of Fifth street from an alley, midway between Marion and Harrison streets, to Harrison street; and that such report had been "accepted" merely, by the common council.

*Held,* that such pleading was authorized by said section, and, therefore, that a motion to strike it out should be overruled.

*Held,* also, that such a motion presented no question as to the sufficiency of the answer.

*Held,* also, on demurrer, that there is a material variance between the aver ments of the answer and the recitals of the transcript it set out, that the latter must control, and that the answer is insufficient.

*Held,* also, that the acceptance by the common council, of the report set out in the answer, was not such as is required by section 8 of such act, to make the action of the commissioners and common council final.

SAME.—The common council may, under section 23 of said act, refer back to the city commissioners their first report, but is obliged to either accept or reject a second report by such commissioners within twenty-eight days after it is made, and such action is final; but the statute contains no such provision in relation to its action on the first report.

SAME.—*Court.—Judgment.*—Such city commissioners do not constitute a court, nor have their reports the effect of judgments.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*J. D. Osborn* and *E. G. Herr,* for appellee.

HOWK, J.—This was an appeal by Abner P. Simonton, from the proceedings of the common council of the city of Elkhart, under the provisions of "An act in relation to the laying out, opening, widening, altering, and vacation of streets, alleys, and highways," etc., approved March 17th, 1875, to the Circuit Court of Elkhart county, Indiana. Acts 1875, Spec. Sess., p. 17; 1 R. S. 1876, p. 318.

In section 14 of said act, it is provided that any person, "having an interest in the lands, affected by such proceedings," who "shall deem himself aggrieved thereby," may appeal therefrom "to any court of the county of general jurisdiction;" that, upon such appeal, the city clerk should

" make a transcript of the proceedings of the council regu-
lating the meeting of the commissioners, the notice to the
person appealing the proceedings, and the report of the
commissioners, and the action of the common council
thereon;" that, on such appeal, this " transcript of the
proceedings of the common council and commissioners
shall be considered as the complaint;" that, after the filing
of said transcript, the appellant should, " in writing, state
specifically the grounds of his objection to the proceedings
of the common council and commissioners," which " writ-
ten statement to be filed by the appellant, as aforesaid,
shall be in the nature of an answer or demurrer;" that
" issues of law and of fact may be formed, tried and deter-
mined as in other actions at law;" that " upon such appeal
may be tried the regularity of the proceedings of the com-
missioners, and the questions as to the amount of benefits
or damages assessed;" and that " [no] other questions shall
be tried or heard, except such as are with certainty to a
common intent presented by the aforesaid written state-
ment filed by such appellant."      Acts 1875, Spec. Sess.,
p. 22.

With this statement of the law applicable to this case,
we will first give a summary of the " transcript of the pro-
ceedings of the common council and commissioners,"
which, under the statute, must " be considered as the com-
plaint" of the appellant.    At a regular meeting of the
common council of the city of Elkhart, held at the coun-
cil-room, on the 13th day of December, 1876, " it was
ordered by the common council, that the city attorney and
Councilman Mather be instructed to investigate the matter
of Fifth street;" and at a regular meeting of said common
council, held at the council-room on the 27th day of De-
cember, 1876, the said city attorney and councilman re-
ported, " that we find that Fifth street has never been laid
out further south than Marion street.  We would recom-

mend, that all proceedings had to condemn and open said street from Harrison street to the alley be abrogated, and that said street be opened from Marion to Harrison street;" and thereupon the following resolution and order were then and there unanimously adopted by said common council, to wit:

"Resolved by the common council, that the report of the committee on Fifth street be adopted; that all proceedings heretofore had for the extension of Fifth street be and the same are hereby reconsidered and abrogated; and that Fifth street be extended, in the same general direction and of the same width it now is, from Marion street to Harrison street.

" Ordered by the common council of the city of Elkhart, that the city commissioners meet at the city council-room on the 5th day of February, 1877, at 10 o'clock A. M., for the purpose of assessing such benefits and damages as may accrue to land-owners from the extension of Fifth street from Marion to Harrison street, in said city; and the clerk is ordered to issue the proper notices to all persons to be affected, and the marshal to serve the same, according to law."

Afterward, at a regular meeting of said common council, held on the 2d day of May, 1877, the city commissioners of said city, duly appointed and qualified under the provisions of the above entitled act, made their report in writing, in substance as follows:

" To the common council of the City of Elkhart: We, the undersigned, city commissioners of said city, would respectfully report, that, in accordance with your order of December 27th, 1876, we met at the time and place, and for the purpose, therein specified; that, at the request of the parties claiming to own the land sought to be opened, we adjourned from time to time, until to-day; after hearing evidence and arguments of counsel, and after due ex-

amination and deliberation, we.make the following report, to wit:

"*First.* That said Fifth street now does extend, and for several years past has extended, from Marion to Harrison street, of the width of four rods, being the same width of the balance of said street; and that no property will be taken in opening said street from Marion street to Harrison street;

"*Second.* That no one will be damaged;

"*Third.* That no one will be benefited;

"*Fourth.* That the proposed extension will make no change in the length, width or direction of said Fifth street;

"*Fifth.* That the City of Elkhart pay the costs of these proceedings."

And thereupon the following resolution was then and there unanimously adopted by the common council of said city of Elkhart, to wit:

" Resolved, by the common council, that the report of the city commissioners, of April 18th, 1877, in relation to the extension of Fifth street, be accepted and adopted."

The appellee, Simonton, answered in three paragraphs, of which the second was withdrawn, the third was struck out on the appellant's motion, and the first paragraph was left in the record, as the appellee's only answer. The appellant's motion to strike out the first paragraph of the answer was overruled by the court, and its exception was entered to this ruling; and its demurrer to said paragraph, for the want of sufficient facts, was also overruled, and to this decision it excepted. The appellant then replied to the first paragraph of answer, in three paragraphs, to the first of which paragraphs of reply the appellee's demurrer, for the insufficiency of the facts therein, was sustained by the court, and the appellant excepted to this ruling.

The issues joined were tried by the court, and, at the request of the parties, the court made a special finding of the facts and of its conclusions of law thereon. The appellant's motions for a *venire de novo*, and for a new trial, in the order named, were severally overruled by the court, and to each of these decisions it excepted. The appellant also excepted to the court's conclusions of law upon its special finding of facts; and judgment was rendered, that the appellant take nothing by its proceedings herein, and that the appellee recover his costs.

The following decisions of the court below are assigned, as errors, by the appellant, in this court:

1. In refusing to strike out the first paragraph of the answer;

2. In overruling its demurrer to said first paragraph of answer;

3. In sustaining a demurrer to the first paragraph of its reply;

4. In overruling its motion for a *venire de novo;*

5. In overruling its motion for a new trial; and,

6. The court erred in its conclusions of law upon its special finding of facts.

We deem it necessary to a proper understanding of the questions presented by the record of this cause, and of our decision of those questions, that we should first give a summary, at least, of the facts alleged by the appellee in the first and only paragraph of his answer, which we now do, as follows:

The appellee alleged, in substance, that the city of Elkhart was and ought to be estopped as to the proceedings and action taken, and as to the decision and judgment of said commissioners and city council, finding and decreeing that said Fifth street then extended, and for many years last past had extended, from Marion to Harrison street, of the width of four rods, being the same width as the

balance of the street, and that no property would be taken in opening said street from Marion to Harrison street, as set forth in said transcript or complaint; for that theretofore the said city, on the 13th day of September, 1876, at a regular meeting of its common council, duly ordered that said Fifth street should be extended and established from Marion to Harrison street, and, in pursuance of law, duly called upon and ordered the city commissioners of said city to meet on the 7th day of October, 1876, to assess the benefits and damages arising from such extension and establishing of the said street, and duly ordered that said Simonton should be notified to appear at such meeting, as the owner of the lands to be affected thereby; that such notice was duly served on him, and afterward, on the day appointed, the said city commissioners met for such purpose, and, pursuant to law, did sit and hear evidence upon, and take jurisdiction of, the questions and matters in reference to the extension and establishing of said Fifth street; that, pursuant to such notice, the appellee appeared before said city commissioners, so sitting as a court to try such cause, and introduced evidence as to the damages he would sustain by the extension of said street through his lands; that such proceedings were therein had that the city commissioners, sitting as a court for the trial of said cause, duly found, adjudged and decreed, that the appellee was the owner of the land which would be taken by the extension of said Fifth street southwardly to said Harrison street, and that, by the taking of such land for said street, the appellee would be damaged in the sum of $800, and further found that the general character of the proposed improvement was to extend Fifth street, of said city, four rods wide, from the south end of said street to Harrison street, being eleven rods in length, and that the city of Elkhart pay the costs of said proceedings; that the city commissioners filed in the city clerk's office a written report of

their proceedings and finding, in all respects according to law, and the common council of said city, by the votes of two-thirds of its members, duly determined to make the appropriation of the appellee's said real estate, so to be taken by said street, and by the same votes adopted a resolution, accepting such report of the city commissioners and requiring the city clerk to deliver a certified copy thereof to the city treasurer; that such adjudication and finding of the said court remained in full force, and had not been appealed from, reversed or modified; and that the land affected by such proceedings belonged to the appellee, and was the same land referred to in the transcript herein filed; and, by means of the premises, the appellee said that the city of Elkhart was then, and at the date of the proceedings mentioned in said transcript, estopped from saying that said Fifth street, for many years last past, had extended from Marion to Harrison street, and that no property would be taken in opening said street, and no one would be damaged thereby, and was and ought to be estopped from the further prosecution of this proceeding.

It is necessary also, we think, that we should give, in this connection, the court's special finding of facts, and its conclusions of law thereon, on the trial of this cause, in substance as follows:

" This case having been submitted to the court for trial, upon the issues formed upon and by the first paragraph of answer and the reply thereto, and the plaintiff having requested the court to find the facts specially and state its conclusions of law thereon, the court does find as follows, to wit: The transcript filed in this case, and 'Exhibit A' filed with said answer, are true, complete and correct transcripts of the records and proceedings which they purport to contain and set forth, and no other proceedings were had in such matter than such as are set forth in said transcripts. It is further found, that, after said pro-

ceedings, had as set forth in said 'Exhibit A,' were concluded, upon notice served, said defendant, Simonton, appeared before the commissioners on February 5th, 1877, and applied for and obtained a continuance of said second proceeding till April 2d, 1877, and on said day asked and obtained a second continuance until April 18th, 1877, and on that day, by his attorney, applied for a third continuance, which was refused; and his attorney withdrawing, and no one representing his interest, the further hearing and procedure of and by said commissioners were had and concluded in the absence of said Simonton; said continuances were applied for and obtained by said Simonton upon the alleged necessity to have a survey made by the city engineer, in order to determine the amount of said defendant's damages. During the progress of said second procedure, said defendant gave no notice of his intention to claim the award made him in the first procedure. On November 23d, 1876, said defendant had filed with the city clerk his bond for an appeal from the order of the council in said first procedure, and obtained from the clerk a transcript, but within a few days abandoned his purpose to take said appeal, and the same was never perfected. Afterward, to wit, on December 27th, 1876, the city council passed a resolution for the abrogation of said first procedure, but defendant had no notice or knowledge of said resolution until served with notice on said second procedure, and gave no consent to the adoption of said resolution; neither did said defendant give his consent to said second procedure, except as hereinbefore shown; and no agreement was made between the parties for the abrogation of said proceedings first had, or for the abandonment thereof. (Signed,) W. A. Woods."

Afterward, upon its special finding of facts, the court stated its conclusions of law, as follows:

" The court draws the following conclusions of law upon the facts specially found, to wit:

"1.  That, by reason of the proceedings set out and shown in 'Exhibit A,' the plaintiff is estopped from taking the further steps and proceedings had; and,

"2.  The defendant is not estopped from availing himself of said estoppel against plaintiff."

Having thus given a full summary of what may be regarded as the facts of this case, and also of the proceedings of the circuit court thereon, as shown by the record, we proceed now to the consideration and decision of those questions which fairly arise, as we think, under the appellant's assignment of errors. The first and second errors may properly be considered together, as they each relate to the same subject-matter, namely, the first paragraph of the appellee's answer. We have given a full statement of the matters alleged in this paragraph of answer, and it will be seen therefrom that the appellee relied upon the proceedings of the appellant's commissioners and common council, as set forth in said paragraph, as absolutely estopping the appellant from prosecuting and maintaining the proceedings stated at length in its transcript or complaint on file in this cause. The appellant's motion to strike out this paragraph, and the ruling of the court thereon, were made parts of the record by a proper bill of exceptions; and the ground of the motion, as stated therein, was that the paragraph attempted to raise a question that could not be raised in this suit or proceeding.

We are of the opinion, that the court committed no error in overruling the motion to strike out the first paragraph of the answer. The statute governing the proceedings provides, as we have seen, that the party appealing therefrom "shall, in writing, state specifically the grounds of his objection to the proceedings of the common council and commissioners," and that this "written statement to be filed by the appellant, as aforesaid, shall be in the nature of an answer or demurrer." The first paragraph of answer,

in this case, was the appellee's "written statement" of the
"grounds of his objection to the proceedings of the com-
mon council and commissioners," from which he had ap-
pealed to the circuit court. The pleading was authorized.
and required by the statute, and, therefore, the motion to
strike it out was correctly overruled. The fact, if it were
the fact, that the paragraph attempted to raise a question
that could not be raised in this suit, might have rendered
the paragraph an insufficient defence to the appellant's
suit or proceeding; but that objection to the paragraph
would not have authorized the court to strike it out on
motion. It was long since decided by this court, that,
under the code, a motion to strike out will not perform
the office of a demurrer. Whether the paragraph was a
sufficient defence to bar the appellant's proceedings in this
case or not, it certainly contained such pertinent matter
as fully justified the court's decision in overruling the
motion to strike it out. *Port* v. *Williams*, 6 Ind. 219;
*Clark* v. *The Jeffersonville, etc., Railroad Co.*, 44 Ind. 248.

The question presented for our decision by the alleged
error of the court, in overruling the appellant's demurrer
for the want of sufficient facts to the first paragraph of
the appellee's answer, is a much more difficult one. The
paragraph, as will be seen from the summary of its alle-
gations elsewhere given in this opinion, is an answer by
way of estoppel. It sets up the proceedings of the appel-
lant's commissioners and common council, in a former at-
tempt to extend Fifth street in said city of Elkhart, as
an absolute bar or estoppel of the subsequent proceedings
of said commissioners and common council, for an extension
of said street, contained in the transcript or complaint in
this case. The paragraph is founded upon the theory,
as is apparent upon its face, that the proceedings first
had by the city commissioners and common council, in
regard to the extension of said street, were the decision

and judgment of the court created by the statute for the purpose, and clothed thereby with ample jurisdiction both of the subject-matter and of all persons interested in the proposed street extension; and that such decision and judgment, unless appealed from within the time and in the manner prescribed in the statute, were final and conclusive and binding. as well upon the appellant, the City of Elkhart, as upon all persons interested in or aggrieved by such street extension.

The appellee's answer was founded upon the proceedings of the city commissioners and common council of said city of Elkhart, had on and before the 25th day of October, 1876, for the extension of Fifth street in said city, from Harrison street to the alley, a transcript of which proceedings was filed with, and made part of, said answer. In regard to the action of the common council upon the report of the city commissioners, there is a marked and material variance, as it seems to us, between the allegations of the answer proper and the copy of such action as contained in the transcript which is filed with and made part of said answer. Where such a variance exists, the rule is settled by the decisions of this court, that the copy will control, and will be presumed to be right until the contrary is shown. *Mercer* v. *Hebert*, 41 Ind. 459; *Stafford* v. *Davidson*, 47 Ind. 319; *Crandall* v. *The First Nat'l Bank. etc.*, 61 Ind. 349; *Carper* v. *Gaar, Scott & Co.*, 70 Ind. 212.

There is also, as we think, a marked and material variance between the allegations of fact in the answer proper, and the transcript filed with and made a part of said answer, in regard to the extent of the proposed extension of Fifth street; and in this particular the rule will apply. that the transcript controls. and will be presumed to be right until the contrary is shown. *Wilson* v. *The Board, etc., of Hamilton Co.*, 68 Ind. 507, on page 515. Thus, it is

alleged in the answer proper, that the appellant's common council duly ordered that said Fifth street be extended and established from Marion to Harrison street; while the transcript filed with and made part of the answer showed that the common council had in fact ordered the extension of Fifth street from the alley, midway between Marion and Harrison streets, to said Harrison street, and the proceedings of the city commissioners and the action of the common council, as shown by said transcript, all had reference to the extension of Fifth street from the alley only to Harrison street.

It appears from the appellant's transcript or complaint, a summary of which we have heretofore given, that, subsequent to the proceedings relied upon by the appellee as an estoppel, the appellant's common council discovered that Fifth street had never been laid out farther south than Marion street; and thereupon, on the 13th day of December, 1876, they ordered and resolved that all proceedings theretofore had for the extension of Fifth street, from the alley to Harrison street, should be reconsidered and abrogated, and "that Fifth street be extended, in the same general direction and of the same width it now is, from Marion to Harrison street." Under this order and resolution, the proceedings were had for the extension of Fifth street from Marion to Harrison street, from which the appellee took an appeal to the court below, and a transcript of which constituted there the appellant's complaint in this cause.

The power of the appellant's common council, under the law, to abrogate the proceedings first had for the extension of Fifth street from the alley to Harrison street, is denied by the appellee. In his answer, he alleged, *inter alia*, that the common council, by the votes of two-thirds of its members, duly determined to make the appropriation of the appellee's real estate, to be taken by said street, and by a

like vote adopted a resolution, accepting the report of the city commissioners, and requiring the city clerk to deliver a certified copy thereof to the city treasurer. The transcript of said proceedings, however, which was filed with and made part of said answer, showed that the only action had by the common council, upon said report of the city commissioners, was the adoption of a resolution, by the votes of two-thirds of its members, to the effect " that the report of the city commissioners, of October 24th, 1876, in relation to the extension of Fifth street, be accepted."

In section 8 of the above entitled act of March 17th, 1875, prescribing the action of the common council upon the report of the city commissioners, in such cases, it is provided as follows: " If the common council, within twenty-eight days after the filing of said report, shall, by a vote of two-thirds of the members thereof, determine to make the appropriation of the real estate for such improvement, they shall enact a resolution accepting said report, and requiring the city clerk to deliver a certified copy of so much thereof as assesses benefits and damages upon real estate, and in which the real estate so assessed is described to the city treasurer." Acts 1875, Spec. Sess., p. 20; 1 R. S. 1876, p. 321.

Under these statutory provisions, it is very clear, we think, from the transcript of the proceedings first had, which was filed with and made part of the appellee's answer, that those proceedings remained *in fieri* during the twenty-eight days next after the filing of the report of the city commissioners, and had never been consummated by the action of the common council thereon, as required by the statute. The appellee's answer apparently proceeds upon the theory, that the city commissioners, under the statute, constitute a court, and that their report to the common council is in the nature of a judgment, and is final and conclusive even as to the city, unless its

The City of Elkhart *v.* Simonton.

common council shall reject such report within said period of twenty-eight days. In section 23 of the said act of March 17th, 1875, provision is made for referring back the report first made, to the city commissioners, and for their making a second report; and, as to this latter report, it is therein provided, that, "When a second report is made, it shall be deemed final, and the common council must accept or reject the same, within twenty-eight days after it is made to them." The statute contains no such provision, however, in regard to the finality of the first report.

We do not think that the city commissioners can be regarded, under the statute, as constituting a court, or that their report can be considered as in the nature of a judgment. The duties and powers of the city commissioners may properly be likened, as it seems to us, to the powers and duties of an *ad quod damnum* jury; while the report of such commissioners resembles somewhat the verdict of such a jury. The report of the city commissioners, in our opinion, has no binding force, and none of the attributes of a judgment, until it has been acted upon by the common council in strict conformity with the requirements of the statute. *McMicken* v. *The City of Cincinnati*, 4 Ohio State, 394; *In re Mount Morris Square*, 2 Hill, 14; *In re Third Street*, 6 Cowen, 571; *Stafford* v. *The Mayor*, etc., 7 Johns. 541; *In re Beekman Street*, 20 Johns. 269.

For the reasons given, we are of the opinion that the matters stated and set forth in the first paragraph of the appellee's answer, and in the transcript therewith filed and made part thereof, were not sufficient to constitute a valid defence, by way of estoppel or otherwise, to the proceedings or cause of action of the appellant, as contained in its transcript or complaint; and that the appellant's demurrer to said paragraph of answer, ought to have been sustained.

Having reached this conclusion, in regard to the insufficiency of the appellee's answer, we need not extend this opinion, in the consideration and decision of any of the questions arising under the other alleged errors.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the first paragraph of answer, and for further proceedings not inconsistent with this opinion.