The City of Terre Haute *v.* Blake.

No. 16,567.

THE CITY OF TERRE HAUTE *v.* BLAKE.

APPELLATE COURT.—*Jurisdiction.—Money Demand.— Opening of Street. —Damages.—Remedy of Land Owner.—Mandate.—*Where land has been appropriated by a city in the opening of a street, and the common council has approved the final report of the city commissioners, assessing benefits and damages, the damages were due and collectible as soon as the assessment was confirmed, unless the common council, in its resolution approving the final report of the commissioners, make express provision that the persons in whose favor damages are assessed shall wait until their damages are collected out of the benefits. And, in such case, the proper remedy of the person who has been awarded damages is by an action on a money demand for the amount awarded; and where such amount does not exceed $3,500, the jurisdiction, on appeal, is in the Appellate Court.

*Quære,* where the common council, in such case, have provided for the payment of damages out of the benefits assessed, when collected, and the city refuses to make such collection, can the city be compelled, by mandate, to make collection of the assessed benefits, and pay the damages out of the sum so collected?

From the Vigo Superior Court.

*R. B. Stimson,* for appellant.

*T. W. Harper* and *L. D. Levique,* for appellee.

HOWARD, C. J.—This was an action by the appellee, for the collection, from the appellant, of an assessment of damages for land taken for the opening of a street in the city of Terre Haute, under provisions of section 3166 and succeeding sections, R. S. 1881.

The complaint shows the filing of a petition with the city council, for the opening of the street; a favorable report on the petition; a reference of the matter to the city commissioners; the filing of a preliminary report by the commissioners; the filing of a final report by the city commissioners, assessing benefits and damages; and that, within twenty-eight days after filing, the city

council, by a two-thirds vote, approved the final report and directed the city clerk to certify to the city treasurer so much thereof as assessed benefits and damages.

It also appears, from the complaint, that certain lands of the appellee were taken for said street, for which he was awarded damages in the sum of five hundred dollars. It appears, further, that the common council afterwards passed a resolution to reconsider the final report, together with the action of the council approving the same.

The questions for decision are whether the action of the common council, in approving the final report of the city commissioners, assessing benefits and damages, amounts to an appropriation of the land proposed to be taken for the street, and to a final judgment in favor of the property owner for his damages, as assessed by the commissioners and certified to the treasurer for payment. Also, whether, in case the property owner is found entitled to judgment, it should be a simple money judgment against the city for the amount of the damages, or should be by way of mandate against the city, directing the collection of benefits assessed against other property owners and the payment to him of his damages out of benefits so collected.

In the decision of this last question, the jurisdiction of this court is involved. If appellee is entitled to relief under his complaint, and that relief is a money judgment against the city for an amount not to exceed $3,500, then the jurisdiction is in the Appellate Court. If, however, the relief should be a writ of mandate, the jurisdiction is in this court. The jurisdiction must, therefore, be determined before proceeding further.

In *City of Elkhart* v. *Simonton*, 71 Ind. 7, this court expressed the opinion that the duties and powers of city commissioners may be likened to those of an *ad quod*

*damnum* jury, while the report of such commissioners resembles the verdict of such a jury; that, therefore, the final report of the commissioners becomes binding only when approved by the common council.

Under a like statute to the one governing the case before us, that of 1867, it was decided by this court, in the case of *City of Lafayette* v. *Shultz*, 44 Ind. 97, "That when the city accepted the terms of the report of the commissioners, it elected to make the appropriation of the real estate of the appellee for the street proposed in the ordinance; and that the amount assessed to her as damages on account of such appropriation was then due to her."

This is equally applicable to the statute of 1875, under which the proceedings in the case at bar were brought.

In 2 Dill. Mun. Corp. (4th ed.), section 608 and note, the conclusion is reached that after the damages are fixed by the report of the commissioners, and the council has elected to approve the assessment, then private rights attach, and no power of reconsideration remains.

By our statute, section 3180, R. S. 1881, in case of appeal, if the benefits or damages assessed by the commissioners are greatly diminished or increased, it is provided that the city may, upon payment of all costs, discontinue the proceedings. But, by instituting such appeal, the property owner voluntarily abandons the right which had attached in his favor by virtue of the confirmation of the assessment, and this provision of the statute only secures to the city a like privilege to abandon the whole proceeding.

The case at bar, however, is not an appeal, but a proceeding to enforce the right of the property owner to the

damages awarded him; and this provision of the statute as to delay or discontinuance can have no application.

Yet, counsel for appellant say: "If it be assumed that the report of the commissioners is a valid and subsisting assessment, and that the approval of such report by a two-thirds vote of the common council was a *de facto* appropriation of the appellee's land, then the judgment should be a mandate to collect the benefits and tender the damages."

And counsel add, further, that "The primary object of this appeal is to secure such a construction of the statute which regulates the opening of streets, as will enable the city to collect the benefits assessed."

We are unable to appreciate the force of this contention of counsel. If the proceedings of the city, in assessing the benefits, have been regular, if the city has acquired jurisdiction over the persons assessed, there can be no doubt of the right to make such collection of benefits, and no mandate could add to the city's power in this respect.

Were it a question of the city's refusal to make such collection, and a taxpayer should ask a mandate requiring the city to collect the benefits assessed, in order to avoid payment of the damages out of the general treasury of the city, we should have quite another question. Even if the appellee had chosen such remedy and asked for a mandate to compel the city to collect the assessed benefits and pay him his damages out of the sum so collected, the question of mandate might be involved.

But the appellee has asked for no such relief, nor was he required to do so.

Section 3182, R. S. 1881, provides that "It shall be the duty of the city treasurer to pay or tender, or cause to be paid or tendered, the damages assessed to the persons to whom assessed."

Nowhere is it required that the person in whose favor damages are assessed shall wait until his damages are collected; unless, indeed, as already intimated, the common council, in the resolution approving the final report of the city commissioners, make express provision to that effect.

By section 3176, R. S. 1881: "In case the common council deem it proper to delay until such benefits are collected, they shall order the proceedings delayed," but not to exceed one year. This was a privilege of which the city might have availed itself in this case; but the council failed to take advantage of the statute. The damages, therefore, if due at all, were collectible as soon as the assessment was confirmed.

The writ of mandate could not, therefore, be awarded under the complaint as drawn; but the appellee, if entitled to have his damages paid, might demand them at once, with interest from the date of confirmation of the assessment.

As the relief, therefore, if any, to which the appellee will be entitled under his complaint, will be a money judgment under $3,500, and not a writ of mandate, we conclude that the jurisdiction of this case is in the Appellate Court.

The case is, accordingly, transferred to the Appellate Court.

Filed Feb. 16, 1894.