Filed March 13, 1894.

———————◆———————

No. 1,278.

THE CITY OF TERRE HAUTE v. BLAKE.

MUNICIPAL CORPORATION.— *City.*—*Appropriation of Land for Street.*— *Liability of City for Damages.*—While it is the duty of city commissioners to consider and determine what part of the expenses incurred in opening a street ought to be paid out of the general fund of the city, and to designate the same in their report, yet if the common council receives and approves the report without such part be-

ing designated, and orders the taking of the property for street pur-
poses, the city thereby undertakes the payment of all damages and
expenses in excess of the benefits assessed, and the land-owner is
immediately entitled to the same.

SAME.—*Same.—When Rights Become Vested.—Right to Discontinue Pro-
ceedings.*—In such case, where the report of the city commissioners
is accepted and acted upon by the common council, and the land is
ordered sold, the appropriation is consummated, except the pay-
ment of damages, and the rights of the parties become vested, and
the proceedings can not thereafter be discontinued.

From the Vigo Superior Court.

*S. C. Stimson, A. M. Higgins* and *R. B. Stimson,* for
appellant.

*T. W. Harper, L. D. Leveque* and *C. R. Trowbridge,*
for appellee.

Ross, J.—The appellee brought this action against the
appellant to recover the amount assessed in his favor as
damages for property taken in a proceeding to open a
street in the city of Terre Haute.

Upon issues joined, there was a trial by the court, and
a finding and judgment in favor of the appellee.

This cause was appealed to the Supreme Court upon
the assumption that under the issues it was necessary
to determine whether or not the court below should have
issued a mandate for the collection of the benefits as-
sessed. The Supreme Court decided that question ad-
versely to the appellant, and transferred the cause to this
court. *City of Terre Haute* v. *Blake,* 136 Ind. 636, 36
N. E. Rep. 422.

The first, second, third, fourth, and fifth errrors as-
signed call in question the rulings of the court on the
demurrers to the complaint and answers. The answer
filed by appellant is in six paragraphs, and inasmuch as
many of the questions presented arise on the answers, as
well as the complaint, they will be considered together.
No answer of general denial was filed, each answer being

special. They are, as insisted by counsel for appellant and apparently conceded by counsel for appellee, as follows:

1st.  Set-off.

2d and 4th.  An abandonment of the proceedings before the commencement of this action.

3d.  A compromise of the controversy before the commencement of this action.

5th.  In substance, that there was no part of the expense of opening the street assessed against the appellant, and that no part of the assessments made had been collected by the city.

6th.  In addition to the facts contained in the second and fourth paragraphs, upon which an abandonment was predicated, it was also alleged that the city had not seized appellee's property; neither had it collected any of the benefits assessed against others, or paid any of the damages assessed.

Of these answers, the first and third were held good, and the second, fourth, fifth and sixth were held bad on demurrer.

It is very earnestly insisted that as no part of the expense of opening the street was assessed against the appellant in the report of the city commissioners, the city can not be held liable for any part of the same.

The power to open streets is conferred by statute upon the common council of the city, and the manner of proceeding specially designated.  Sections 3629–3646, R. S. 1894.

Under section 3633, R. S. 1894, it is the duty of the city commissioners, when the matter of opening a street has been referred to them by the common council, to estimate the benefits and damages to all real estate which will be injuriously or beneficially affected by the opening of such street, and to consider and determine what part,

if any, of the expense ought to be paid out of the general fund of the city.

While it is the duty of the city commissioners to consider and determine what part of the expense incurred in opening a street ought to be paid out of the general fund of the city, and to designate the same in their report, yet if the common council receives and approves the report, without such part being designated, and orders the taking of the property to be appropriated, the city thereby undertakes the payment of all damages and expenses in excess of the benefits assessed. A city has no power to appropriate the property of an individual for the purposes of a street, until it has caused the damages to be assessed and tendered as provided by the statute. "And the principle is well established in cases of streets and highways, as in cases of railroads, that the failure to make or tender due compensation to the owner of land for damages incurred by taking his land for the purposes of a road or street, will justify relief by injunction at the suit of the property owner until his damages are properly adjusted, or until just compensation is made therefor." *City of New Albany* v. *White*, 100 Ind. 206.

When the commissioners have estimated the benefits and damages to all the real estate injuriously or beneficially affected, and made report of the same to the common council, it then becomes the duty of the council to determine whether or not to make the appropriation of the real estate for such improvement. Section 3637, *supra*.

In the case of the *City of Elkhart* v. *Simonton*, 71 Ind. 7, the court says: "The duties and powers of the city commissioners may properly be likened, as it seems to us, to the powers and duties of an *ad quod damnum* jury; while the report of said commissioners resembles somewhat a verdict of such a jury. The report of the city commissioners, in our opinion, has no binding force, and

none of the attributes of a judgment, until it has been acted upon by the common council in strict conformity with the requirements of the statute." If, however, the report of the commissioners is accepted and approved by the council, and an order made for the appropriation of the lands, the owners of the lands so ordered taken are entitled to the damages assessed, and are not bound to wait until the street is opened for travel or the benefits assessed are collected. *City of Lafayette* v. *Schultz*, 44 Ind. 97; Elliott on Roads and Streets, p. 209, and cases cited.

The complaint under consideration shows that the report of the city commissioners, assessing damages in favor of the appellee, was accepted and acted upon by appellant's common council, and his lands ordered taken. This was a complete consummation of the appropriation, except the payment of the damages. By this order, the rights of the parties became vested.

As said by the Supreme Court, in *City of Lafayette* v. *Schultz, supra:* "Without multiplying authorities, we think when the city accepted the terms of the report of the commissioners, it elected to make the appropriation of the real estate of the appellee for the street proposed in the ordinance; that the amount assessed to her as damages on account of such appropriation was then due to her, and the treasurer of the city should have been directed to tender it to her."

But counsel for the appellant insist that the order was subsequently revoked; that the city did not take possession of the property, and did not collect any of the benefits or pay any of the damages assessed, which was an abandonment of the proceedings, and, for that reason, appellee could not recover.

It is well settled that the right to discontinue proceedings of this character exists as long as the amount of the

compensation remains undetermined, but when once the compensation has been determined, the proceedings can not be discontinued. The mere making of the estimate of the benefits and damages by the city commissioners, and reporting the same to the common council, is not such a determination; but when their report is accepted and approved, by an order making the appropriation, the compensation is determined. Elliott on Roads and Streets, *supra;* Dillon on Munic. Corp. (4th ed.), section 608; *In re Morrow,* 56 N. Y. 144 (154).

Under the statute authorizing and empowering cities to open streets, the Legislature anticipated the benefits which the general public would derive therefrom, hence provided, in subtance, that the benefits which do not accrue to individual property owners, accrue to the general public, and must be paid for out of the general fund.

The case of *Quill* v. *City of Indianapolis,* 124 Ind. 292, cited by counsel for appellant to show that a city can not incur such a liability, is not applicable to this kind of a case. That case holds that in proceedings for the improvement of a street, the city, as such, is not benefited by the improvement, the benefits having been assessed against the property-owners, hence it is not legally or morally bound to pay therefor.

Other questions have been argued at some length, which we think it unnecessary to mention in detail, believing them to be but incidents to the questions already decided.

There was no error, either in overruling the demurrers to the complaint, or in sustaining the demurrers to the answers.

Judgment affirmed.

Filed March 30, 1894.