Filed April 6, 1894.

———————◆———————

No. 1,145.

BUSENBARK *v.* THE CITY OF CRAWFORDSVILLE.

MUNICIPAL CORPORATION.—*City.*—*Street Improvements, etc.*—*Vested Rights.*—*Report of City Commissioners.*—*Common Council.*—When the report of the city commissioners, in a proceeding to open, extend and improve a street, has been accepted and approved by the common council, the rights of parties became vested.

PLEADING.—*Complaint, Sufficiency of.*—*Damages.*—*Condemnation Proceedings.*—*Party in Interest.*—*City.*—Where a complaint, in an action to recover damages awarded in a condemnation proceeding, alleged that by the report of the city commissioners the real estate so taken was reported to belong to plaintiff and her husband, who had been dead for over eighteen years, which fact was well known to said city commissioners and said city council; and that plaintiff was then, and for over twenty years prior thereto had been, in the open, notorious, and exclusive possession of said real estate, as the owner thereof, which facts were fully known to the city commissioners,— the allegations show such an interest in the property appropriated as to entitle plaintiff to recover damages therefor.

From the Montgomery Circuit Court.

*G. W. Paul* and *M. W. Bruner,* for appellant.

*A. D. Thomas* and *W. T. Whittington,* for appellee.

Ross, J.—The appellant filed her complaint in the court below to recover damages awarded in condemnation proceedings instituted by the appellee for the extending, opening, and improving of one of its streets.

A demurrer was sustained to the complaint, and this ruling is the only question presented on this appeal.

The facts alleged in the complaint, and admitted to be true by the demurrer, are that in 1892 the common council of the city of Crawfordsville instituted proceedings for extending, opening, and improving one of its streets. Under these proceedings, the appellant and her husband, as the owners of certain property taken for or damaged by such extension and improvement, were assessed damages therefor in the sum of $860; the report of the city commissioners assessing such damages was accepted and approved, and the extension and improvement ordered.

It is also alleged that by the report of the city commissioners the real estate taken for which such damages were assessed was reported to belong to the appellant "and one James Busenbark, her husband, who had been dead for over eighteen years, which fact was well known to said city commissioners and said city council."

It is further alleged that the appellant was "then, and for over twenty years prior thereto had been, in the open, notorious, and exclusive possession of said real estate, as the owner thereof, which facts were fully known to the city commissioners."

Appellant also alleges that the appellee has collected all of the benefits assessed, which are sufficient to pay the damages assessed, but that it refuses to pay appellant her damages.

We are not advised upon what theory the court sustained appellee's demurrer to the complaint, but appellee's counsel insist: First, that the acceptance and approval by the common council of the report of the city commissioners is not, in effect, a judgment; secondly, that if it is a judgment, it is a joint judgment in favor of appellant and her husband, James Busenbark;

thirdly, that the judgment is void as to James Busenbark, for the reason that he was dead at the time it was rendered; and, fourthly, if the judgment is void as to James Busenbark, it is also void as to appellant.

The first proposition has been decided adverse to appellee by this court in the case of *City of Terre Haute* v. *Blake,* 9 Ind. App. 403.

In that case it was decided, and we think correctly, that when the common council approved the final report of the city commissioners assessing benefits and damages, such approval amounted to an appropriation, and the rights of the parties vested.

Under the allegations of this complaint, while not as specifically alleged as the rules of good pleading require, the appellant had such an interest in the property appropriated, as entitled her to recover damages therefor. While the report shows that the property belonged to appellant and her husband, yet it is alleged that he was dead, and had been for eighteen years prior thereto, and that such fact was well known to appellee. Admitting these facts to be true, as appellee did by its demurrer, a cause of action is shown in appellant.

We are not called upon to determine the correctness of the court's ruling on the motion to consolidate this case with another then pending, in which the right to said damages was in issue, for the reason that no error has been predicated on such ruling.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed April 17, 1894.