Graves *et al. v.* The Town of Middletown *et al.*

No. 16,709.

GRAVES ET AL.*v.* THE TOWN OF MIDDLETOWN ET AL.

HIGHWAY.—*Streets and Alleys.*—*Proceedings to Open.*—*Demand for Damages.*—*Waiver.*—Where parties affected by the opening of an alley, and in whose favor damages have been assessed, appear before the town treasurer and make demand for the damages assessed in their favor by the commissioners, that constitutes a waiver of any informality as to notice, or otherwise, in the proceedings for the opening of the alley.

SAME.—*Same.*—*Proceedings to Open.*—*Collateral Attack.*—*Injunction.*—*Notice.*—Where all the proceedings in an action to open an alley are confessedly in compliance with the requirements of the statute, except that notice was given by publication to parties who were residents of the State, some notice being given, the proceedings were not void, and can not be attacked collaterally by way of injunction.

SAME.—*Same.*—*Proceedings to Open.*—*When Not Void.*—*Substantial Compliance With Statute.*—The law makes the opening of streets and alleys in cities and towns, in some measure, a summary proceeding, made in behalf of the general welfare of the inhabitants; and if there is a substantial compliance with the requirements of the statutes, made in good faith, the proceedings will not be held void.

From the Henry Circuit Court.

*T. B. Redding* and *C. N. Mikels,* for appellants.
*L. P. Mitchell* and *G. L. Swain,* for appellees.

HOWARD, C. J.—This was an action by appellants to enjoin appellees from opening an alley across certain lots in the appellee town of Middletown, in Henry county.

The case was submitted to the court on an agreed statement of facts, from which statement it appears:

That the appellants are husband and wife, and that the appellant, Mattie S. Graves, is the owner of the lots in question.

That the appellants, at the time of bringing this action, and also at the time of the proceedings to open the

alley in question, were residents of Delaware county, Indiana.

That no personal notice of said proceedings was given, or, attempted to be given, to appellants, but that such notice was given by publication, as required by section 3368, R. S. 1881, appellants, however, not being named in such notice.

That the commissioners appointed to assess the benefits and damages to be caused by the opening of said alley assessed appellants' damages in excess of benefits in the sum of $90; that said damages had not been paid to the treasurer of said town as a special deposit, subject to the order of said Mattie S. Graves, on the day of the bringing of this suit; that demand for said damages was made by appellants of said treasurer before the bringing of the suit; that at the time of such demand the treasurer did-not have the full amount of such damages in his possession, lacking ten dollars; that at the time of bringing this action the appellees were about to proceed to open said alley; that since said demand was made, and since [the bringing of this suit, the said damages, being ninety dollars, have been in the hands of said treasurer for said Mattie S. Graves, and the same are now paid into court as a tender herein.

Notice of the assessment by the commissioners of the benefits and damages on the opening of the alley, and of the time and place where a hearing should be had to show cause why such assessment should not be approved, was given. Also, notice that the assessments were approved at such hearing, and ordering benefits paid and the alley to be opened not later than May 15, 1892.

The court found for the appellees as to the injunction, but ordered the ninety dollars damages in the hands of

the clerk to be paid to the appellants, and also entered judgment for costs in favor of appellants.

A motion by appellants for a new trial was overruled by the court. It is contended that this ruling was erroneous; that the proceedings were void for want of the notice required by the statute; and that as the damages assessed were not paid on demand, the injunction should have been granted.

It would seem that the last two positions taken by appellants are inconsistent. If the notice to appellants were insufficient, that defect would be waived by a voluntary appearance on their part. When, therefore, appellants appeared before the town treasurer and made demand for the damages assessed in their favor by the commissioners, that was a waiver of any informality as to notice, or otherwise, in the proceedings for the opening of the alley.

Besides, this is not an appeal from the proceedings before the town board in the opening of the alley, but a collateral attack upon those proceedings. The proceedings were had in compliance with the provisions of the statute. A petition was filed, commissioners were appointed and made report, notice was given. It has frequently been held that in such cases the proceedings are not void if "some notice was given, though not a compliance with the statutory requirement." *Barber Asphalt Paving Co.* v. *Edgerton*, 125 Ind. 455, and cases there cited.

In this case, all the proceedings, confessedly, are in compliance with the requirements of the statute, except that it is claimed that as the appellants, though not residents of the town, nor of the county in which the town is situated, were nevertheless residents of the State, and should, therefore, have been personally served with notice of the proceedings.

The statute, section 3368, R. S. 1881, *supra,* provides that "if the owners are unknown or nonresidents," notice shall be given by publication.

The trustees may very well have found that the appellant owners in this case were unknown. In any event, they gave a notice, and one prescribed by statute, and assumed jurisdiction; and we must presume that they found all the facts necessary to give them such jurisdiction, and that the proceedings had by them in the premises are, therefore, not void, and so can not be attacked in this collateral action.

As to the other irregularity complained of, that the damages were not paid on demand, we think appellants have little cause to find fault. The court awarded them a temporary injunction until the money was collected and paid into court, and then ordered it paid over to them. The court, besides, gave appellants judgment for the costs occasioned by bringing their injunction suit.

We are, in addition, not sure that appellees were at all in fault in this particular. The same notice that provided for the opening of the alley "not later than May 15, 1892," provided also for the payment of all assessments "prior to the aforesaid date, May 15, 1892." The answer to the complaint also explicitly denied that appellees made any attempt to open said alley, or to enter upon appellants' said lots, without first paying the damages assessed.

The law makes the opening of streets and alleys in cities and towns, in some measure, a summary proceeding made in behalf of the general welfare of the inhabitants; and if there is a substantial compliance with the requirements of the statutes, made in good faith, the proceedings will not be held void.

The judgment of the court in this case was eminently

equitable and just, and rather more favorable to the appellants than to the appellees.

Judgment affirmed.

Filed April 18, 1894.