No. 17,305.

## HOLDEN v. THE CITY OF CRAWFORDSVILLE.

EMINENT DOMAIN.—*Opening Alley.*—*Resolution of Common Council.*—*Damages.*—*Deferred Payment.*—A provision of a resolution of a common council approving the final report of the city commissioners in a proceeding, under sections 3629-3657, R. S. 1894, for the opening of an alley and appropriating the land, that the owner's damages shall not be paid until after the collection of assessments for benefits, does not warrant a dismissal of the proceedings, as the council is authorized to delay the opening until the benefits are collected, and otherwise the damages assessed are due as soon as the land is appropriated.

HIGHWAY.—*Opening Alley.*—*Resolution of City Council Accepting Report of City Commissioners.*—*Conclusiveness Of.*—*Appeal.*—The adoption of a resolution by a common council of a city, accepting the report of the city commissioners in a proceeding for the opening of a street or alley, is conclusive as to public utility, under section 3643, R. S. 1894, limiting the review upon appeal to the regularity of the proceedings of the commissioners, and the questions as to the amounts of benefits or damages, and providing that such appeals shall not prevent the city from proceeding with the proposed appropriation.

From the Montgomery Circuit Court.

*Kennedy & Kennedy*, for appellant.

*Thomas & Whittington,* for appellee.

HOWARD, C. J.—This was a proceeding under the statute for the opening of an alley in the city of Crawfordsville. Sections 3629–3657, R. S. 1894 (sections 3166–3194, R. S. 1881).

Complaint is first made of the form of the resolution of the common council approving the final report of the city commissioners and appropriating the land for the alley, for the reason that, coupled with such resolution, was a proviso that appellant's damages should not be paid until after the collection of the assessments for benefits.

It is provided in the statute that the common council may delay the proceedings for the opening of a street or alley until the benefits are collected. Unless this is done the damages assessed are due and collectible from the city as soon as the appropriation of the land is made. *City of Terre Haute* v. *Blake,* 136 Ind. 636; *Ib.* 9 Ind. App. 403.

If the proviso for delay in this case were sufficient under the statute, then the taking of the land would be postponed; while if the proviso were insufficient there would be no delay, and appellant's damages would be at once due and payable. In either case he would have no cause to complain, except, perhaps, as to the amount of the damages. His land could not be taken until his damages were paid or tendered. We do not think the error, if any, warranted a dismissal of the proceedings. See *Graves* v. *Town of Middletown,* 137 Ind. 400.

It is also contended that the alley could not be opened unless it was found to be of public utility; and counsel endeavor to apply to these proceedings the laws relating to public highways, as laid out by boards of county

commissioners. Cities and towns, however, have special needs in this as in other particulars; and the laws have been so framed as to give to the corporate authorities large discretion in the management and control of municipal affairs.

The statute (section 3637, R. S. 1894; section 3174, R. S. 1881) provides that if the common council shall determine to make the appropriation of the land proposed for a street they shall adopt a resolution accepting the report of the city commissioners; and such action of the council has always been held to be final.

It is true that an appeal is provided for in section 3643, R. S. 1894 (section 3180, R. S. 1881); but, as said in that section: "Upon such appeal, the regularity of the proceedings of the commissioners, and the questions as to the amount of benefits or damages assessed may be tried; but such appeals shall not prevent such city from proceeding with the proposed appropriation, nor from making the proposed change or improvement."

The Legislature has thus, in effect, declared that the question of public utility in the opening of streets and alleys is one left exclusively to the judgment of the common council. No appeal as to that question is provided for.

There is no doubt that the law-making power may leave such matters of local government to the sole decision of the municipal authorities. *Reeves* v. *Grottendick*, 131 Ind. 107. Nor is there any doubt that in this case the Legislature has seen fit to say that only the regularity of the proceedings and the amount of the benefits and damages may be considered on appeal.

So it was said in *Spiegel* v. *Gansberg*, 44 Ind. 418, in relation to the vacation of an alley: "We have nothing to do with the question of the expediency or

inexpediency of vacating the alley. That question belongs to the common council."

Filed September 24, 1895 ; petition for rehearing overruled January 29, 1896.